469 A.2d 601

**COMMONWEALTH of Pennsylvania,**

v.

**Benjamin GOLDHAMMER, Appellant.**

Superior Court of Pennsylvania.

Argued May 13, 1983.

Filed Nov. 10, 1983.

Reargument Denied Jan. 24, 1984.

Petition for Allowance of Appeal Granted May 24, 1984.

---

Stanford Shmukler, Philadelphia, for appellant.

Mariana C. Sorensen, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before WICKERSHAM, WATKINS and MONTGOMERY, JJ.

PER CURIAM:

Appellant Benjamin Goldhammer was convicted of 56 counts each of theft by unlawful taking and forgery following a non-jury trial before the Honorable Michael E. Wallace. Post-trial motions were denied and appellant was sentenced to two consecutive sentences of imprisonment. The court granted appellant's petition for modification of sentence and resentenced him to a two to five year term of imprisonment on one count of theft and five years probation on one count of forgery. Sentence on the remaining counts was suspended.

On this direct appeal, appellant raises the following issues:

(1) The court erred in refusing to suppress evidence obtained from appellant's attorney, from his bank and pursuant to an arrest warrant, the affidavit for which contained inaccurate information.

(2) The evidence was insufficient to sustain the forgery convictions.

(3) Many of the theft charges were barred by the statute of limitations.

We affirm in part and reverse in part.

Appellant had been employed as controller for Lessner and Company, Inc., a mechanical contracting corporation, since 1974. In February 1979, appellant suffered a heart attack while on vacation in Las Vegas. Henry J. Lessner, the president of the corporation, began to review the current bank statements and cancelled checks in appellant's absence. After investigation, he discovered a total of 57 checks [1] bearing the apparently forged signature of Richard J. Kates, one of the authorized signatories. It was ultimately discovered that these checks had either been cashed by appellant or deposited into his checking account. The evidence presented at trial included certain of appellant's bank records which had been given to Lessner's counsel by

---

1. Appellant was charged with theft and forgery on all 57 checks but the charges as to one check were dismissed at the preliminary hearing.

appellant's counsel, records which had been obtained from appellant's bank pursuant to a lawful subpoena issued after appellant's arrest, testimony from Mr. Lessner and Mr. Kates, and the testimony of a questioned document examiner who compared the handwriting on the checks in question with exemplars obtained from appellant, Mr. Kates and Mr. Lessner.

Appellant first argues that the court should have suppressed the bank records obtained by Lessner's attorney from appellant's attorney. These records were volunteered to Lessner's attorney for the purpose of convincing Lessner that appellant had spent most of the money and to induce Lessner to accept a settlement in the form of a second mortgage on appellant's house. No settlement was ever worked out and Lessner subsequently turned the bank records over to law enforcement officials after he had filed the criminal complaint. It has long been established that the Fourth Amendment's prohibition against illegal search and seizure applies only to the actions of governmental authorities, not to the actions of private persons. *Burdeau v. McDowell*, 256 U.S. 465, 41 S.Ct. 574, 65 L.Ed. 1048 (1921). The government is precluded from using evidence obtained by a private person only if that person acted as an instrument or agent of the state. *Coolidge v. New Hampshire*, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971). The records in question were obtained by Lessner and his attorney long prior to any governmental knowledge or action in this matter. Therefore, the court was correct in refusing to suppress this evidence.

Appellant further argues that the bank records obtained from Fidelity Bank should have been suppressed under *Commonwealth v. DeJohn*, 486 Pa. 32, 403 A.2d 1283 (1979). In *DeJohn*, the defendant's bank records were obtained pursuant to a concededly invalid subpoena at a time prior to the institution of criminal charges against her. The Supreme Court held that a bank depositor has a sufficient privacy interest in bank records so as to have standing to challenge the illegal seizure of same (i.e., pursuant to an

invalid subpoena). In the instant case, the records were obtained pursuant to a *valid* warrant; appellant advances no reason why the seizure is otherwise illegal. *DeJohn* does not compel suppression under these circumstances. Indeed, the Supreme Court in *DeJohn* noted that "A bank could always be compelled to turn over customer's records when served with a valid search warrant or some other type of valid legal process, such as a lawful subpoena." *Commonwealth v. DeJohn*, 486 Pa. 32, 48, 403 A.2d 1283, 1291 (1979). It was not, therefore, error to refuse to suppress the records obtained from Fidelity Bank.

■ Finally, appellant sought to suppress evidence obtained as a result of the arrest warrant because the affidavit contained a misstatement. In order to invalidate an arrest warrant, a misstatement of fact in the affidavit must be both material and deliberate. *Commonwealth v. Bradshaw*, 290 Pa.Super. 162, 434 A.2d 181 (1981). It is undisputed that the misstatement in this case was unintentional. Moreover, the trial court found, and we agree, that deletion of the misstatement from the affidavit would still leave sufficient facts to establish probable cause. Therefore, the misstatement is not material, *In Interest of Eckert*, 260 Pa.Super. 161, 393 A.2d 1201 (1978), and suppression was properly denied.

■ Appellant next contends that the evidence was insufficient to support the forgery convictions because the convictions were based on expert testimony which was not "positive". We disagree. In reviewing such a claim, we view the evidence in the light most favorable to the Commonwealth, accepting as true all the evidence and all reasonable inferences therefrom. *Commonwealth v. Williams*, 269 Pa.Super. 544, 410 A.2d 835 (1979). Our review of the record convinces us that the expert testimony combined with all the other evidence presented by the Commonwealth was sufficient to sustain the convictions.

■■ Finally, appellant argues that certain of the theft convictions are barred by the statute of limitations.[2] The applicable statute of limitations for theft is two years. 42 Pa.C.S.A. § 5552. The offenses involved herein occurred at various times between November 1974 and January 1979. The statute, however, contains the following exception:

(c) Exceptions.—If the period prescribed in subsection (a) or subsection (b) has expired, a prosecution may nevertheless be commenced for:

(1) Any offense a material element of which is either fraud or a breach of fiduciary obligation within one year after discovery of the offense by an aggrieved party or by a person who has a legal duty to represent an aggrieved party and who is himself not party to the offense, but in no case shall this paragraph extend the period of limitation otherwise applicable by more than three years.

Citing *Commonwealth v. Eackles*, 286 Pa.Super. 146, 428 A.2d 614 (1981), appellant contends that neither fraud nor breach of fiduciary obligation is a material element of the crime of theft by unlawful taking. In *Eackles*, a panel of this court determined that the Commonwealth is not required to prove fraud in order to convict a person of theft by unlawful taking; i.e., that fraud is not a material element of that crime. The Commonwealth would have us look at the particular facts of each case, determine whether fraud or breach of fiduciary duty was proven, and apply the exception to those cases where proof of fraud or breach of fiduciary duty is present. That is, however, precisely what the court in *Eackles* refused to do. We must, therefore, discharge appellant on those theft counts which occurred more than two years prior to the date the complaint was filed. *See also, Commonwealth v. Hawkins*, 294 Pa.Super. 57, 439 A.2d 748 (1982).

**2.** Because of our disposition of this issue, we need not deal with appellant's other arguments relating to the interpretation of this statute.

The judgment of sentence is reversed and appellant is discharged as to Bills # 1857 through 1862, 1866 through 1875, 1879 through 1888, and 1907 through 1914; the judgment of sentence is affirmed as to all the other convictions.