551 A.2d 1086

**COMMONWEALTH of Pennsylvania**

v.

**Billy Robert HIPP, Appellant.**

Superior Court of Pennsylvania.

Argued Feb. 17, 1988.

Filed Dec. 5, 1988.

---

346

348

Jenny Steinen, Assistant Public Defender, Philadelphia, for appellant.

Stuart B. Suss, Assistant District Attorney, West Chester, for Com., appellee.

Before BROSKY, WIEAND, McEWEN, OLSZEWSKI, BECK, TAMILIA, KELLY, POPOVICH and JOHNSON, JJ.

McEWEN, Judge:

We here consider whether the results of a medical purposes blood alcohol test, voluntarily provided by hospital personnel to a police officer, are admissible at trial where the defendant subsequently exercised his statutory right to refuse to submit to a blood-alcohol test. We find no statutory or constitutional impediment to the introduction of such evidence and, therefore, affirm the judgment of sentence imposed after appellant was found guilty of driving while under the influence of alcohol.

Appellant was transported by ambulance to Chester County Hospital on December 16, 1983, for emergency treatment following a two-car collision. Blood was withdrawn from appellant by hospital personnel for medical purposes and was tested, pursuant to the routine hospital procedure, for alcohol content. A police officer charged with the investigation of the accident arrived at the hospital shortly thereafter and spoke with appellant in the emergency room. The officer, noting that appellant's eyes were bloodshot and his speech slurred and detecting a strong odor of alcohol on appellant's breath, requested that hospital personnel obtain a blood sample from appellant to be tested for alcohol content. A member of the emergency room staff advised the officer that a test would be unnecessary as one had already been performed, and then volunteered the results of that test to the officer. The officer subsequently placed appellant under arrest, issued *Mi-*

*randa* warnings, and requested that he submit to a blood alcohol test. Appellant refused and the officer left the hospital. The Commonwealth subpoenaed the results of the medical purposes blood test and at trial, the laboratory technician testified as to the results of that test. Testimony concerning appellant's refusal to submit to the blood alcohol test requested by the officer was also admitted into evidence over objection. Appellant was found guilty of driving under the influence, in violation of 75 Pa.C.S. § 3731(a)(1) and (a)(4), and of overtaking a vehicle on the left, and thereafter sentenced to serve a term of imprisonment of from seven days to twenty-three and one-half months, and to pay a fine of $300.00. A divided panel of this Court found that the trial court had erred in admitting evidence of the medical purposes blood test since appellant had been denied the opportunity to exercise the statutory right of refusal to submit to such a test as provided by Section 1547(b) of the Vehicle Code, 75 Pa.C.S. § 1547(b).

Appellant first argues that the results of the medical purposes blood alcohol test should have been suppressed since the hospital personnel, when they volunteered the results of the blood alcohol test to the investigating officer, violated the regulations of the Pennsylvania Department of Health concerning the confidentiality of medical records. Appellant's argument is predicated upon the following two regulations promulgated by the Pennsylvania Department of Health:

> Records and reports of examinations of all specimens shall be confidential.

28 Pa.Code § 5.53.[1]

> All records shall be treated as confidential. Only authorized personnel shall have access to the records. The written authorization of the patient shall be presented and then maintained in the original record as authority for release of medical information outside the hospital.

---

1. Adopted May 25, 1962, amended June 14, 1974, effective June 15, 1974, 4 Pa.B. 1220.

28 Pa.Code § 115.27.[2]

The Commonwealth argues, however, that the general provisions providing for confidentiality of all medical records are subject to the exceptions contained in Section 1547(j)[3] and Section 3755[4] of the Motor Vehicle Code,

**2.** Adopted August 29, 1975, effective September 1, 1975, 5 Pa.B. 2233, amended February 10, 1977, effective February 12, 1977, 7 Pa.B. 437.

**3.** Section 1547(j) of the Motor Vehicle Code, 75 Pa.C.S. § 1547(j), provides:

> No physician, nurse or technician or hospital employing such physician, nurse or technician, and no other employer of such physician, nurse or technician shall be civilly liable for withdrawing blood or obtaining a urine sample and reporting test results to the police at the request of a police officer pursuant to this section. *No physician, nurse or technician may administratively refuse to perform such tests and provide the results to the police officer* except as may be reasonably expected from unusual circumstances that pertain at the time the request is made. (emphasis supplied)

Act of June 17, 1976, P.L. 162, No. 81, § 1, effective July 1, 1977; amended Dec. 15, 1982, P.L. 1268, No. 289, § 5, effective in 30 days; amended Feb. 12, 1984, P.L. 53, No. 12, § 2, effective immediately.

**4.** Section 3755 of the Motor Vehicle Code provides:

> **§ 3755. Reports by emergency room personnel**
>
> **(a) General rule.**—If, as a result of a motor vehicle accident, the person who drove, operated or was in actual physical control of the movement of any involved motor vehicle requires medical treatment in an emergency room of a hospital and *if probable cause exists to believe a violation of section 3731* (relating to driving under influence of alcohol or controlled substance) *was involved, the emergency room physician or his designee shall promptly take blood samples from those persons* and transmit them within 24 hours for testing to the Department of Health or a clinical laboratory licensed and approved by the Department of Health and specifically designated for this purpose. This section shall be applicable to all injured occupants who are capable of motor vehicle operation if the operator or person in actual physical control of the movement of the motor vehicle cannot be determined. *Test results shall be released upon request of the person tested, his attorney, his physician, or governmental officials or agencies.*
>
> **(b) Immunity from civil or criminal liability.**—No physician, nurse or technician or hospital employing such physician, nurse of technician and no other employer of such physician, nurse or technician shall be civilly or criminally liable for withdrawing blood or obtaining a urine sample *and reporting test results to the police pursuant to this section or for performing any other duty imposed by this section.* No physician, nurse or technician may administratively refuse to perform such tests and provide the results to the police officer except as may be reasonably expected from unusual circumstances that pertain at the time of admission.

pertaining to the release by hospital personnel of results of blood alcohol tests. We agree.

The proper role of this Court, when called upon to construe statutory provisions, is to ascertain and effectuate the intent of the General Assembly. 1 Pa.C.S. § 1921. The Statutory Construction Act, which is applicable to both statutes and the Pennsylvania Code, 1 Pa.C.S. § 1502(a)(1), provides that when a general provision is in conflict with a specific provision in the same or another statute, the two provisions shall be construed, if possible, to give effect to both. If, however, "the conflict between the two provisions is irreconcilable, the special provision shall prevail and shall be construed as an exception to the general provision, unless the general provision shall be enacted later *and it shall be the manifest intention of the General Assembly that such general provision shall prevail.*" 1 Pa.C.S. § 1933 (emphasis supplied).

▆▆▆▆ The general provision applicable to the case at bar is the blanket confidentiality provided to *all* medical test results and records. The specific, and conflicting, provisions are the sections of the Vehicle Code which provide that no hospital or medical personnel may refuse to perform, or to provide the results of, a blood alcohol test when requested to do so by a police officer.

Since the specific provisions of the Vehicle Code are clearly in conflict with the general regulations promulgated by the Department of Health, and cannot be reconciled, the provisions of the Vehicle Code dealing specifically with blood alcohol tests must be construed as exceptions to the general and earlier enacted provisions of the Pennsylvania Code providing for the confidentiality of all medical records.[5] *See and compare: Olshansky v. Montgomery*

75 Pa.C. § 3755 (emphasis supplied).

5. Such a construction clearly comports with the purposes and intent of the legislature in enacting the provisions of the Vehicle Code dealing with the offense of driving while under the influence of alcohol. *See: Commonwealth v. Mikulan,* 504 Pa. 244, 248–49, 470

*County Election Board*, 488 Pa. 365, 369–70, 412 A.2d 552, 554 (1980); *Commonwealth ex rel. Platt v. Platt*, 266 Pa.Super. 276, 285, 404 A.2d 410, 415 (1979). We, therefore, reject the argument of appellant that the results of the medical purposes blood alcohol test could not be released to the investigating officer due to the confidentiality provisions of the Pennsylvania Code.[6]

■■■■ Appellant next argues that admission of the results of the medical purposes blood alcohol test violated his legitimate expectation of privacy in his personal medical records, a right guaranteed to him by the United States Constitution as well as by Article I, § 8, of the Pennsylvania Constitution.[7] The administration of a blood test is a search within the meaning of the Fourth Amendment to the United States Constitution and Article I, § 8, of the Pennsylvania Constitution, if performed by an agent of, or at the direction of, the government. *Commonwealth, Department of Transportation v. McFarren*, 514 Pa. 411, 417, 525 A.2d 1185, 1188 (1987); *Commonwealth v. Murray*, 441 Pa. 22, 25, 271 A.2d 500, 501 (1970); *Koleski v. Park*, 363 Pa.Super. 22, 30, 525 A.2d 405, 408 (1987); *Commonwealth v. Cieri*, 346 Pa.Super. 77, 82–85, 499 A.2d 317, 320–321 (1985); *Commonwealth v. Funk*, 254 Pa.Super. 233, 241, 385 A.2d 995, 999 (1978). The blood test in the instant case,

A.2d 1339, 1341–1342 (1983); *Commonwealth v. Hoover*, 343 Pa.Super. 372, 375, 494 A.2d 1131, 1133 (1985).

6. Because we find that hospital personnel did not violate any provision of the Pennsylvania Code, we need not determine whether suppression of evidence would be an appropriate remedy where the alleged violation of a regulation was committed by a private individual.

7. This issue properly encompasses arguments based upon both the right to privacy and the right to be free from unreasonable searches since our Supreme Court, in *Commonwealth v. Platou*, 455 Pa. 258, 312 A.2d 29 (1973), *cert. denied*, 417 U.S. 976, 94 S.Ct. 3183, 41 L.Ed.2d 1146 (1974), overruled on other grounds, *Commonwealth v. Reese*, 520 Pa. ——, 549 A.2d 909 (1988), "held that the right to be free from unreasonable searches and seizures contained in Art. I, § 8, of the Pennsylvania Constitution is tied into the implicit right to privacy in this Commonwealth." *Commonwealth v. DeJohn*, 486 Pa. 32, 49, 403 A.2d 1283, 1291 (1979), *cert. denied*, 444 U.S. 1032, 100 S.Ct. 704, 62 L.Ed.2d 668 (1980).

however, was performed prior to the arrival of any officer and was conducted as a routine part of the emergency treatment of the appellant, and not at the request of any governmental official. Thus, the medical purposes blood test itself did not violate appellant's constitutional rights. *See: Commonwealth v. Goldhammer*, 322 Pa.Super. 242, 246–47, 469 A.2d 601, 603 (1983), *aff'd.*, 507 Pa. 236, 489 A.2d 1307 (1985), rev'd; *Pennsylvania v. Goldhammer*, 474 U.S. 28, 106 S.Ct. 353, 88 L.Ed.2d 183 (1985), conformed to *Commonwealth v. Goldhammer*, 509 Pa. 546, 505 A.2d 601 (1986), on remand, *Commonwealth v. Goldhammer*, 512 Pa. 587, 517 A.2d 1280 (1986), *cert. denied, Goldhammer v. Pennsylvania*, 480 U.S. 950, 107 S.Ct. 1613, 94 L.Ed.2d 798 (1987).

Appellant argues, however, that his constitutional rights were violated when hospital personnel volunteered the results of that test to the police officer and when the results of that test were obtained, pursuant to a subpoena, by the government and introduced at trial. Individuals clearly have a privacy interest in their medical records which "finds explicit protection in the Pennsylvania Constitution, Art. I, § 1...." *In re June 1979 Allegheny County Investigating Grand Jury*, 490 Pa. 143, 150, 415 A.2d 73, 77 (1980). Our Supreme Court has held that "[t]he protection provided by Article I, § 8, of the Pennsylvania Constitution extends to those zones where one has a reasonable expectation of privacy." *Commonwealth v. DeJohn*, 486 Pa. 32, 49, 403 A.2d 1283, 1289 (1979), *cert. denied, Commonwealth v. DeJohn*, 444 U.S. 1032, 100 S.Ct. 704, 62 L.Ed.2d 668 (1980).

■ While we agree with appellant that his reasonable expectation of privacy in his medical records is a constitutionally protected interest, we hasten to note that the proper function of the Fourth Amendment to the U.S. Constitution, as well as Art. I, § 1 and Art. I, § 8 of the Pennsylvania Constitution, is "to constrain, not against *all* intrusions as such, but against intrusions which are not justified in the circumstances, or which are made in an improper manner." *Schmerber v. California*, 384 U.S. 757, 758, 86 S.Ct. 1826,

1829, 16 L.Ed.2d 908, 912 (1966). *Accord: Koleski v. Park, supra* at 30, 525 A.2d at 408.

■■■■ Section 3755 of the Motor Vehicle Code provides that hospital personnel shall promptly take blood samples from those persons who require medical treatment in a hospital emergency room when probable cause exists to believe that that person violated Section 3731 of the Vehicle Code. Thus, where a police officer determines that probable cause exists to believe that the individual was operating a motor vehicle while under the influence, and requests hospital personnel to obtain a blood sample for testing, hospital personnel have an affirmative duty to perform the test and report the results to the police officer. *Commonwealth v. Haynos*, 363 Pa.Super. 1, 12 n. 8, 525 A.2d 394, 399 n. 8 (1987); *Commonwealth, Department of Transportation v. Emory*, 91 Pa.Cmwlth. 580, 582, 498 A.2d 26, 28 (1985). Appellant has not challenged the finding that the investigating officer, after speaking with appellant in the emergency room, finding him boisterous and somewhat incoherent, and observing a strong odor of alcohol on his breath as well as bloodshot eyes and slurred speech, had probable cause to believe appellant had been operating a vehicle while under the influence of alcohol. *See and compare: Commonwealth v. Kelly* 365 Pa.Super. 28, 34, 528 A.2d 1346, 1348 (1987), *allo. denied*, 517 Pa. 598, 535 A.2d 1057 (1987); *Commonwealth v. Reynolds*, 256 Pa.Super. 259, 268, 389 A.2d 1113, 1117 (1978); *Commonwealth v. Funk, supra* 254 Pa.Super. at 238–39, 385 A.2d at 998. Once the officer had determined that there was probable cause to believe that appellant had violated 75 Pa.C.S. § 3731, the officer was authorized by Section 1547(a) of the Vehicle Code to request that hospital personnel obtain a blood sample for testing purposes.[8] *See: Commonwealth*

8. Appellant concedes, as he must, that, under the circumstances of this case, a non-consensual blood test would not have offended the protections afforded by the U.S. Constitution. *See: Schmerber v. California*, 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966); *U.S. v. Harvey*, 701 F.2d 800, 803 (9th Cir.1983); *Commonwealth, Department of Transportation v. McFarren, supra* 514 Pa. at 417, 525 A.2d at 1188.

*v. Kelly, supra; Commonwealth v. Funk, supra.* When
the officer in the instant case made such a request, hospital
personnel informed him that a test would be unnecessary
and volunteered the results of the medical purposes blood
alcohol test. The hospital personnel certainly acted in com-
pliance with 75 Pa.C.S. § 3755(a) and 75 Pa.C.S. § 1547(j)
when, under these circumstances, they volunteered the re-
sults of the blood test to the officer. Since the intrusion
upon appellant's expectation of privacy was "justified", the
constitutional protections afforded appellant were not
abridged when the hospital personnel volunteered the test
results to the officer, or when the laboratory technician
testified at trial, pursuant to a subpoena, as to the results
of the medical purposes blood test.

Appellant further argues that since he had refused the
officer's request to submit to a blood test, the officer did
not have authority to request that hospital personnel obtain
a blood sample. This argument is unsupportable, both
legally and factually. The uncontradicted testimony at the
suppression hearing established that the officer, after
speaking with appellant, determined that there was proba-
ble cause to believe that appellant had been driving while
under the influence. The officer left the room in which
appellant was being treated and approached the emergency
room desk:

"When I went to the desk I was going to the desk to
inform that I wanted blood drawn for this investigation
and I would have to have the blood—the technicians to
come down to draw the blood.... I didn't ask for the
results, I was just going to them to advise them that I
needed someone to go down to draw blood because I
needed to know his blood alcohol count for this investiga-
tion.... They informed me [of the results] but I never
requested it." (N.T. 17).

The officer then returned to the room in which appellant
was being treated, placed him under arrest, and requested
that appellant submit to a blood alcohol test. Appellant
refused and the officer left the hospital. The medical

purposes blood test was not administered at the direction of the officer, nor were the results of that test requested by the officer. Cf. *Commonwealth v. Haynos, supra* 363 Pa.Super. at 7, 525 A.2d at 397. Rather, the results were volunteered to the officer by an employee of the hospital, a private individual. "It has long been established that the Fourth Amendment's prohibition against illegal search and seizure applies only to the actions of governmental authorities, not to the actions of private persons. The government is precluded from using evidence obtained by a private person only if that person acted as an instrument or agent of the state." *Commonwealth v. Goldhammer, supra* 322 Pa.Super. at 246–47, 469 A.2d at 603.

■ However, even if we were to assume, *solely* for purposes of this appeal, that the hospital employee who volunteered the results of the blood test was acting as an agent of the government, and that a search and seizure, subject to the protections of the Pennsylvania and U.S. Constitutions, occurred, we can discern no basis upon which to suppress the evidence. No one disputes that a police officer who has probable cause to believe that the operator of a motor vehicle is or has been driving while under the influence of alcohol, may request that the operator submit to a chemical test. "Under Section 1547(a) [of the Motor Vehicle Code], the basis for the initial stop and search is the police officer's reasonable belief that the person from whom the request for a chemical test is being made is driving a motor vehicle while under the influence of alcohol, and thus the search is either incident to a lawful arrest or necessitated by exigent circumstances." *Commonwealth, Department of Transportation v. McFarren, supra,* 514 Pa. at 417, 525 A.2d at 1188. *Accord: Commonwealth v. Anderl,* 329 Pa.Super. 69, 85, 477 A.2d 1356, 1364 (1984). This Court, in *Commonwealth v. Quarles,* 229 Pa.Super. 363, 324 A.2d 452 (1974), held that a blood alcohol test may be taken *even after* a suspect's refusal, without violating a suspect's constitutional rights, "where the police have probable cause to believe the suspect was driving while intoxicated, in order to get evidence of the blood alcohol level,

evidence that is particularly evanescent." *Commonwealth v. Funk, supra* 254 Pa.Super. at 241, 385 A.2d at 999.

Moreover, the United States Supreme Court in *Schmerber v. California, supra,* held that the administration of a non-consensual blood alcohol test was a reasonable search incident to the arrest of the defendant, where there was probable cause to believe the defendant had been operating a motor vehicle while under the influence of alcohol. The *Schmerber* Court recognized " 'the security of one's privacy against arbitrary intrusion by the police' as being 'at the core of the Fourth Amendment' and 'basic to a free society.' " *Id.,* 384 U.S. at 767, 86 S.Ct. at 1834, *quoting Wolf v. Colorado,* 338 U.S. 25, 27, 69 S.Ct. 1359, 1361, 93 L.Ed. 1782 (1949). The Court found, however, that the administration of the non-consensual blood test, while implicating constitutionally protected interests in human dignity and privacy, was a reasonable search under the circumstances. The challenged search at issue herein was not the administration of a non-consensual blood test but, rather, involved the *results* of a previously administered blood test. Such a "search", namely, recounting to the officer and on the hospital record the test results, is far less intrusive than the administration of a non-consensual blood test. Certainly, even if the officer in the instant case had *requested* the results of the medical purposes blood test, such a "search" would have been reasonable under the circumstances. *See: Commonwealth v. Haynos, supra* 363 Pa.Super. at 7, 525 A.2d at 397.

■ Nor do we find that the fact that appellant refused the officer's request to submit to a blood alcohol test has any bearing upon the resolution of the issues raised in this appeal. Section 1547(b) of the Vehicle Code provides:

**(b) Suspension for refusal.—**

(1) If any person placed under arrest for a violation of Section 3731 (relating to driving under influence of alcohol or controlled substance) is requested to submit to chemical testing and refuses to do so, the testing shall not be conducted but upon notice by the police officer, the

department shall suspend the operating privilege of the person for a period of 12 months.

(2) It shall be the duty of the police officer to inform the person that the person's operating privilege will be suspended upon refusal to submit to chemical testing.

74 Pa.C.S. § 1547(b). While the legislature has provided by statute that a driver, whom the police have probable cause to believe has been operating a vehicle while under the influence of alcohol, may refuse to submit to a chemical test for blood alcohol content, this right of refusal is not a constitutional right but rather is created solely by operation of the statute. " 'Neither the Fourth Amendment bar against unreasonable searches and seizures nor Fifth Amendment privilege against self-incrimination prevents the Commonwealth from requiring that a driver submit to a breathalyzer test. A driver therefore does not have a constitutional right to refuse. He has no right to refuse other than as provided in the implied consent law. Neither the Fourth nor Fifth Amendments prevents the admission into evidence of test results or of refusal. . . . A driver has no constitutional right to refuse and no right to have evidence either of the test results or of the refusal excluded. . . ." *Commonwealth v. Funk, supra* 254 Pa.Super. at 241–42, 385 A.2d at 999–1000, *quoting Commonwealth v. Rutan*, 229 Pa.Super. 400, 404, 323 A.2d 730, 732 (1974) (citations omitted). *Accord: Commonwealth v. Trefry*, 249 Pa.Super. 117, 127–30, 375 A.2d 786, 792–793 (1977).

 Appellant here exercised his statutory right to refuse to submit to the blood test requested by the officer. The officer complied with the provisions of the statute in that after appellant's refusal, no test was performed. Thus, there was no violation of the terms of the statute. Appellant argues, however, that because he refused to submit to the requested blood test, all access to the results of the earlier medical purposes blood test should be forever foreclosed. The express terms of the statute, however, clearly do not support this contention.

Our legislature, cognizant of the fact that there was no constitutional impediment to the administration of a non-consensual chemical test created, in section 1547(b) of the Vehicle Code, a statutory right of refusal. While consent of a driver to a chemical test is implied where the police have probable cause to believe he has violated 75 Pa.C.S. § 3731, a driver *may* avail himself of the opportunity to refuse such a test. Thus, under the scheme created by the legislature "no matter which alternative a driver chooses, there will be an evidentiary result: either there will be the result of a test, or there will be a fact, refusal, to be taken into account in deciding guilt or innocence." *Commonwealth v. Funk, supra* 254 Pa.Super. at 240, 385 A.2d at 999.

However, Section 1547(b) does *not* require the *affirmative* consent of the driver prior to the administration of a blood alcohol test as appellant would have us find. *See: Commonwealth v. Haynos, supra; Commonwealth v. Funk, supra.* See also: *State v. Baker,* 502 A.2d 489 (Me.1985); *People v. Fite,* 267 Cal.App.2d 685, 73 Cal.Rptr. 666 (1968). *Cf. State v. Loscomb,* 291 Md. 424, 437–38, 435 A.2d 764, 771 (1981). Nor does it create an exclusionary rule where (1) the suspect did not affirmatively consent to the test, or (2) where such a test was administered before or even after the suspect refused to consent to the test. All the statute provides is a limited, statutory privilege to refuse to submit to a chemical test. "Where the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." *Zimmerman v. O'Bannon,* 497 Pa. 551, 556, 442 A.2d 674, 677 (1982). Thus, we find that the refusal to submit to the blood alcohol test as requested by the officer has no bearing upon the admissibility of the results of the medical purposes blood alcohol test.

Appellant's final argument in support of his request for a new trial is that the trial court erred in admitting *both* the results of the medical purposes blood alcohol test which showed appellant's blood alcohol content to be .264%, *and* testimony concerning his refusal to submit to the blood

alcohol test when requested to do so by the investigating officer. Appellant contends that since the results of the blood alcohol test were admitted into evidence, testimony concerning his refusal to submit to the blood alcohol test requested by the officer was inadmissible. We disagree.

Section 1547(e) of the Vehicle Code provides:

(e) **Refusal admissible in evidence**—In any summary proceeding or criminal proceeding in which the defendant is charged with a violation of section 3731 or any other violation of this title arising out of the same action, the fact that the defendant refused to submit to chemical testing as required by subsection (a) may be introduced in evidence along with other testimony concerning the circumstances of the refusal. No presumptions shall arise from this evidence but it may be considered along with other factors concerning the charge.

75 Pa.C.S. § 1547(e). Appellant was requested, by the investigating officer, pursuant to subsection (a) of Section 1547, to submit to a blood alcohol test. Appellant refused and the test was not conducted. Subsection (e) of Section 1547 provides that evidence of the refusal is admissible. Thus, the express terms of the statute render evidence of the refusal admissible.

Moreover, subsection (f) of Section 1547 provides:

(f) **Other evidence admissible.** Subsections (a) through (i) shall not be construed as limiting the introduction of any other competent evidence bearing upon the question whether or not the defendant was under the influence of alcohol.

75 Pa.C.S. § 1547(f). We find, therefore, that the trial court properly admitted evidence of appellant's refusal to submit to the blood alcohol test requested by the officer. *See and compare: Commonwealth, Department of Transportation v. Murdock*, 99 Pa.Cmwlth. 55, 57, 512 A.2d 100, 101 (1986) (the mere fact that a licensee has submitted to blood tests from hospital personnel prior to or subsequent to his refusal to accede to the request of the arresting officer does not absolve him from the mandatory license suspension provisions of Section 1547).

362

We find that the trial court properly admitted the results of the medical purposes blood alcohol test and evidence of the refusal of appellant to submit to a blood alcohol test as requested by the officer. We, therefore, affirm the judgment of sentence.

Judgment of sentence affirmed.