## Commonwealth v. Taylor

*Roy A. Keefer, district attorney,* for the Commonwealth.

*Michael A. George,* for defendant.

KUHN, *J.,* July 13, 1990 — The facts have been stipulated. On November 26, 1989, defendant was involved in a one-car accident in Adams County. As a result thereof he was taken to the York Hospital in York, Pennsylvania. Robert Gano of the Pennsylvania State Police investigated the accident but had no contact with defendant at the scene. Instead, Trooper Gano telephoned the York Hospital and requested that blood be drawn from defendant for criminal purposes. After this call, hospital personnel drew blood from defendant for medical purposes. The results of a blood alcohol test upon this sample was forwarded to Trooper Gano by letter. After receipt of the test results (blood alcohol content 0.116 percent) the officer filed a complaint charging defendant with violation of 75 Pa.C.S. §3731(a)(1) and (4), driving under the influence.

Defendant seeks to suppress the results of the blood tests by relying upon *Commonwealth v. Hipp,*

380 Pa. Super. 345, 551 A.2d 1086 (1988). There the primary issue was whether the results of a medical purposes blood alcohol test, voluntarily provided by hospital personnel to a police officer, are admissible at trial. The court found such test results admissible. There the officer had probable cause to believe the defendant was violating section 3731 when he requested the hospital to obtain a blood sample. We agree with defendant that the stipulated facts fail to demonstrate that Trooper Gano had probable cause to request hospital personnel to perform a blood alcohol test pursuant to 75 Pa.C.S. §1547(a)(1) or that the hospital personnel had probable cause to believe he had violated section 3731. 75 Pa.C.S. §3755.

However, it should be noted that the Implied Consent Law, 75 Pa.C.S. §1547, is not limited to cases wherein the officer must have probable cause to believe the operator was under the influence of alcohol while operating the vehicle. Section 1547(a)(2) provides that one who operates a vehicle shall be deemed to have given consent to a blood alcohol test if a police officer has probable cause to believe the person was operating a vehicle involved in an accident in which the operator required treatment at a medical facility. Here, the inferences from the stipulated facts are sufficient to satisfy defendant's implied consent. Thus, the officer had probable cause to order a blood test. *Commonwealth v. Smith*, 382 Pa. Super. 288, 297-8, 555 A.2d 185, 189 (1989).

Defendant first argues that he had no opportunity to refuse the test and therefore the results are inadmissible. In *Hipp* the accused had no opportunity to consent to or refuse the medical purposes test but he did subsequently refuse a request by the officer to submit to a second test. The court held

that the Implied Consent Law does not require the affirmative consent of the driver to the administration of a blood alcohol test.

"Nor does it create an exclusionary rule where (1) the suspect did not affirmatively consent to the test, or (2) where such a test was administered before or even after the suspect refused to consent to the test . . . Thus, we find that the refusal to submit to the blood alcohol test as requested by the officer has no bearing upon the admissibility of the results of the medical purposes blood alcohol test." *Commonwealth v. Hipp, supra,* 380 Pa. Super. at 360, 551 A.2d at 1093.

Therefore, consent or lack thereof in this case is not dispositive of the issue of the test result's admissibility.

Lastly, defendant argues that the results should be inadmissible because those results were obtained without a warrant in violation of his privacy rights. We disagree.

As noted above, defendant impliedly consented to a blood alcohol test, 75 Pa.C.S. §1547(a)(2). The officer, therefore, had the right to request that the test be performed. No medical personnel may refuse to perform such a test and provide the results to the officer. 75 Pa.C.S. §1547(j). Here the hospital personnel complied with this provision when they released the results to the officer without a warrant. *Hipp* held that releasing medical purposes blood alcohol test results does not violate the confidentiality provisions of 28 Pa. Code §5.53 or §115.27 nor does the admission of those test results violate one's constitutional expectation of privacy in her personal medical records. Furthermore, warrantless searches are authorized by 75 Pa.C.S. §1547(a)(2). *Commonwealth v. Smith, supra.*

146

Thus, we find no constitutional violation of defendant's rights in obtaining the blood alcohol test result. Therefore, defendant's motion to suppress will be denied. Accordingly, we enter the attached

## ORDER OF COURT

And now, July 13, 1990, defendant's motion to suppress blood alcohol tests is denied. ·