690 A.2d 293

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Joanne M. BARTON, Appellant.**

Superior Court of Pennsylvania.

Submitted Jan. 7, 1997.

Filed Feb. 27, 1997.

J. Richard Gray, Lancaster, for appellant.

Joseph C. Madenspacher, District Attorney, Lancaster, for Commonwealth, appellee.

Before CIRILLO, President Judge Emeritus, KELLY, J., and MONTEMURO, J.*

MONTEMURO, Judge:

Appellant, Joanne Barton, appeals from the judgment of sentence entered by the Court of Common Pleas of Lancaster County following a stipulated trial[1] wherein Appellant was found guilty of three counts of driving under the influence of alcohol,[2] one count each of driving at a safe speed,[3] and driving

---

* Retired Justice assigned to Superior Court.

1. Appellant agreed to waive a jury trial and the parties agreed to stipulate to the suppression hearing testimony for purposes of determining guilt. (N.T. 7/17/96 at 2).

2. 75 Pa.C.S.A. § 3731(a)(1), (4), (5).

3. 75 Pa.C.S.A. § 3361.

on the right side of the roadway.[4] Specifically, Appellant challenges the court's denial of her motion to suppress the results of a blood test performed for medical purposes and obtained by the police through a warrantless search of Appellant's medical records. The suppression court concluded that the warrantless search was justified and, therefore, denied the motion. We agree, and for the reasons set forth below, affirm.

On January 1, 1995, Appellant was transported to Lancaster General Hospital for treatment of injuries sustained from a two-vehicle automobile accident. Officer Laura Overby of the West Hempfield Police Department responded to the accident scene and it is undisputed that after investigation at the scene, Officer Overby developed sufficient probable cause to believe that at the time of the accident, Appellant was operating her vehicle while under the influence of alcohol. Subsequently, after clearing the accident scene, the Officer contacted the Lancaster General Hospital emergency room at approximately 7:00 a.m. to request hospital personnel withdraw and test a blood sample from Appellant for purposes of testing its blood alcohol content. Officer Overby was informed by hospital personnel that pursuant to standard hospital procedure, in cases such as this, involving the treatment of shock trauma patients, blood is typically withdrawn and tested for blood alcohol.

Therefore, assuming that such blood testing of Appellant was conducted, the next day Officer Overby completed a standard form provided by Lancaster General Hospital, requesting the results of Appellant's blood alcohol and drug screening test. The Officer did not obtain a search warrant for the results this test. Pursuant to the Officer's request, Lancaster General Hospital provided a verification of authenticity and testing procedure, drug screen, and blood alcohol test results. Appellant's blood alcohol test revealed a level of .19 percent.

4. 75 Pa.C.S.A. § 3301(a).

Subsequently, Officer Overby charged Appellant with three counts of driving under the influence of alcohol, and one count each of driving a vehicle at a safe speed and driving on the right side of the roadway. Appellant filed an Omnibus Pretrial Motion in the form of a motion to suppress the results of the blood test, reasoning that under Article I, § 8 of the Pennsylvania Constitution, a search warrant was required to seize the test results contained in Appellant's medical records. The suppression court denied the motion and the action proceeded to a stipulated trial on July 17, 1996 where Appellant was found guilty on all counts. Because this was Appellant's second D.U.I. offense, she received a sentence of twenty-four months of intermediate punishment to be served as thirty days incarceration with work release, followed by sixty days on house arrest with electronic monitoring and the impaired drivers program. This appeal followed.

Appellant raises one issue for our review:

Whether a police officer, to constitutionally seize medical records for purposes of possible prosecution, is required by the Constitution of the Commonwealth of Pennsylvania, Article I, § 8, to first procure a warrant to accomplish the seizure? [5]

(Appellant's Brief at 3).

Appellant specifically challenges the trial court's denial of her motion to suppress. In reviewing the denial of a suppression motion, we must first determine whether the factual findings, the reasonable inferences drawn therefrom, and the legal conclusions of the suppression court are supported by the record. *Commonwealth v. Fitzpatrick*, 446 Pa.Super. 87, 91, 666 A.2d 323, 325 (1995). In doing so, we must consider only the evidence of the Commonwealth's wit-

---

**5.** We note that Appellant has sufficiently briefed and analyzed this issue according to the framework established by our Supreme Court in *Commonwealth v. Edmunds*, 526 Pa. 374, 390, 586 A.2d 887, 895 (1991), which governs the analysis of state constitutional issues. Although *Edmunds* does not require litigants to use this briefing framework, our Supreme Court has stated that such analysis "may be helpful to address the concerns listed...." *Commonwealth v. White*, 543 Pa. 45, 50, 669 A.2d 896, 899 (1995).

nesses and so much of the evidence of the defense as, fairly read in the context of the record as a whole, remains uncontradicted. *Id.* We note that it is the exclusive province of the suppression court to determine the credibility of the witnesses and, if the factual findings are supported by the record, we may only reverse if the suppression court committed an error of law or abuse of discretion. *Id.* In the instant case, Appellant does not challenge the constitutionality of the withdrawal of blood by the medical personnel for medical purposes. Rather, Appellant contends that the police violated her rights against unreasonable searches and seizures under Art. I, § 8 [6] when they obtained the results of her medical purposes blood test from her medical records without a search warrant.

The protection of Article I, § 8 extends to those areas where one has a reasonable expectation of privacy. *Commonwealth v. DeJohn*, 486 Pa. 32, 44, 403 A.2d 1283, 1289 (1979). The courts of this Commonwealth have continued to recognize that the citizens of Pennsylvania have a reasonable expectation of privacy in their medical records. *In re June 1979 Allegheny Cty. Investigating Grand Jury*, 490 Pa. 143, 150, 415 A.2d 73, 77 (1980)(holding privacy interest in medical records pursuant to Art. I, § 1). We note, however, that although Appellant has an expectation of privacy in her medical records, this privacy interest does not preclude all searches and seizures of medical records. "[T]he proper function of . . . Art. I, § 8 of the Pennsylvania Constitution, is 'to constrain, not against *all* intrusions as such, but against intrusions which are not justified in the circumstances, or which are made in an improper manner.'" *Commonwealth v. Hipp*, 380 Pa.Super. 345, 354, 551 A.2d 1086, 1090 (1988)(quoting *Schmerber v. California*, 384 U.S. 757, 758, 86 S.Ct. 1826, 1829, 16 L.Ed.2d

6. "The people shall be secure in their persons, houses, papers and possessions from unreasonable searches and seizures, and no warrant to search any place or to seize any person or things shall issue without describing them as nearly as may be, nor without probable cause, supported by oath or affirmation subscribed to the affiant." PA. CONST. art. 1, § 8.

908, 912 (1966)). Therefore, Appellant's privacy interest is subject to reasonable searches and seizures.

Generally, under the protections afforded by Art. I, § 8, "a search or seizure is not reasonable unless it is conducted pursuant to a search warrant issued by a magistrate upon a showing of probable cause." *Commonwealth v. Kohl*, 532 Pa. 152, 166, 615 A.2d 308, 315 (1992). The "implied consent" provision of the Motor Vehicle Code, however, dispenses with the need to obtain a warrant. 75 Pa.C.S.A. § 1547(a)(1). Section 1547(a)(1) states:

> **(a) General Rule.**—Any person who drives, operates or is in actual physical control of the movement of a motor vehicle in this Commonwealth shall be deemed to have given consent to one or more chemical tests of breath, blood or urine for the purposes of determining the alcoholic content of blood or the presence of a controlled substance if a police officer has reasonable grounds to believe the person to have been driving, operating or in actual physical control of the movement of a motor vehicle:
>
> > (1) while under the influence of alcohol or a controlled substance or both. . . .

The "reasonable grounds" requirement of this provision has been interpreted to require probable cause. *Kohl*, 532 Pa. at 167, 615 A.2d at 315. Also applicable to the instant case is section 3755 of the Motor Vehicle Code. This section provides that:

> If, as a result of a motor vehicle accident, the person who drove, . . . any involved motor vehicle requires medical treatment in an emergency room of a hospital and if probable cause exists to believe a violation of section 3731 (relating to driving under the influence of alcohol or controlled substance) was involved, the emergency room physician or his designee shall promptly take blood samples from those persons and transmit them within 24 hours for testing. . . .

75 Pa.C.S.A. § 3755(a). This section directs the release of such test results upon the request of the person tested, his or

her attorney, physician, or governmental officials or agencies. 75 Pa.C.S.A. § 3755(a).

Our courts have found that, together, sections 1547 and 3755 comprise a statutory scheme which, under particular circumstances, not only imply the consent of a driver to undergo chemical or blood tests, but also require hospital personnel to withdraw blood from a person, and release the test results, at the request of a police officer who has probable cause to believe the person was operating a vehicle while under the influence. *Commonwealth v. Riedel,* 539 Pa. 172, 180, 651 A.2d 135, 139–40 (1994); *Hipp,* 380 Pa.Super. at 355, 551 A.2d at 1090.

In the instant case, Appellant concedes that the officer had probable cause to believe that she was operating a motor vehicle while under the influence of alcohol. (Appellant's Brief at 4). However, Appellant, relying on the concurring statement in *Commonwealth v. Riedel, supra,* argues that her constitutional rights were violated when Officer Overby obtained the results of her medical purposes blood test without a warrant.

In *Riedel,* the Appellant was taken to the hospital after an auto accident, where his blood was withdrawn and tested for medical purposes. *Riedel,* 539 Pa. at 176, 651 A.2d at 137. The officer arrived at the hospital, intending to request a blood test based upon probable cause, however, upon learning that blood had already been taken for medical purposes, the officer never requested that a blood sample be drawn for testing pursuant to section 3755(a), and subsequently wrote to the hospital requesting the results of the medical purposes blood test. *Id.* The Appellant asserted a Fourth Amendment challenge to the search conducted by the officer who obtained the results of Appellant's medical purposes blood test from the hospital's laboratory without a warrant. *Id.* Our Supreme Court held that under the Fourth Amendment, the Pennsylvania implied consent law made it possible for an officer, who had probable cause to request a blood test under section 3755(a), to obtain the results of a medical purposes blood test, even though the officer failed to actually verbalize the with-

drawal request to hospital personnel. *Id.* at 179, 651 A.2d at 139. The court reasoned that "[t]he litmus test under section 3755 is *probable cause* to request a blood test, not the request itself." *Id.* at 182, 651 A.2d at 140.

In a Concurring Opinion, three Justices suggested that the result would have been different if the Appellant raised this issue under Art. I, § 8 of the Pennsylvania Constitution. *Id.* at 185, 651 A.2d at 142. The concurrence stated that, under section 3755(a), a police officer who has probable cause to believe a person was operating a motor vehicle under the influence of alcohol may request that hospital personnel withdraw blood for testing and, when this request is made, hospital personnel have an affirmative duty to obtain the blood and test the sample. *Id.* at 186–87, 651 A.2d at 143. The results of such tests are then released upon the request of the officer or others enumerated in section 3755(a). The Justices reasoned, however, that "[w]hen a police officer fails to request that blood samples be drawn, the statute does not authorize the officer to obtain medical records of a person suspected of operating a motor vehicle under the influence of alcohol." *Id.* at 187, 651 A.2d at 143 (Zappala, J., Concurring Opinion). Therefore, the concurrence concluded that since the officer did not follow the statutory procedure and verbalize a request to withdraw blood, the warrantless search and seizure of the Appellant's medical records to obtain the results of the medical purposes blood test was unreasonable and would have violated Art. I, § 8. *Id.*

In the instant case, Appellant urges this Court to find that this case is factually analogous to *Riedel* and, therefore, since a claim was raised under Art. I, § 8, its disposition is guided by the advisory opinion rendered in the *Riedel* concurrence. We, however, disagree, and find the instant case distinguishable from *Riedel* on one very important factual point: in the instant case, the record reveals that the officer did request a withdrawal of blood from Appellant.[7] Therefore, we decline to

7. At the suppression hearing, the court listed its findings of fact on the record, stating that "I will also find that she [Officer Overby] made the request to draw blood." (N.T. 3/6/96 at 44). We conclude that this

address the issue of whether, under Art. I, § 8 and sections 1547 and 3755, an officer's failure to verbalize a request to withdraw blood will bar the officer from obtaining the results of a medical purposes blood test without a warrant.

In fact, our review of Appellant's brief reveals that Appellant does not contend that Officer Overby *never* made a request to draw blood, but, instead, Appellant asserts that the actions of the officer were improper because, after learning that blood is typically withdrawn and tested for alcohol content in trauma cases for medical purposes, Officer Overby "did not request [that] an *additional* withdrawal and test" be performed. (Appellant's Brief at 10)(emphasis added). Therefore, Appellant argues that "[s]ince the officer in the instant case decided to rely on the medical—rather than the legal—[blood] tests for purposes of proving her case, the officer subjected herself to the warrant requirement of Art. I, § 8." [8] (Appellant's Brief at 6). We disagree.

Under the Pennsylvania implied consent statute, once an officer determines there is probable cause to believe a person operated a motor vehicle under the influence of alcohol and requests that hospital personnel withdraw blood, the officer is entitled to the release of the test results. 75 Pa.C.S.A. §§ 1547, 3755; *Commonwealth v. Simon*, 440 Pa.Super. 428, 434, 655 A.2d 1024, 1027 (1995). In *Commonwealth v. Hipp*, blood was withdrawn from the Appellant for medical purposes prior to the police officer's arrival at the hospital. *Hipp*, 380 Pa.Super. at 349, 551 A.2d at 1087. The officer later arrived at the hospital, established the requisite probable cause, and requested that hospital personnel obtain a blood sample to be tested for alcohol content. *Id.* at 349, 551 A.2d at 1088. A hospital staff member first informed the officer that the test was unnecessary, as blood had already been drawn and tested for medical purposes, and then proceeded to voluntarily reveal

factual finding is adequately supported by the record. *See* N.T. 3/6/96 at 12–13.

**8.** Our reading of Appellant's brief leads us to conclude that Appellant considers a "legal" blood test one that is performed by medical personnel, not as standard medical procedure, but in direct response to an officer's request under section 3755.

the results of the test to the officer. *Id.* The Appellant argued that this voluntary disclosure violated his constitutional rights under Art. I, § 8. *Id.* at 350, 551 A.2d at 1088. This Court disagreed and upheld the search, reasoning that, since the officer had probable cause to request a test under section 1547, the hospital personnel acted in compliance with section 3755(a) when, after the request was made, they volunteered the results of the medical purposes blood test to the officer. *Id.* at 356, 551 A.2d at 1091.

Unlike *Hipp,* the instant case involves an actual written request by the officer for the test results, rather than a volunteered disclosure by hospital personnel. This distinction, however, does not compel a different result. In fact, the court in *Hipp* stated that "even if the officer in the instant case had *requested* the results of the medical purposes blood test, such a 'search' would have been reasonable under the circumstances." *Id.* at 358, 551 A.2d at 1092 (emphasis in original). *See also Commonwealth v. Kelly,* 365 Pa.Super. 28, 32–33, 528 A.2d 1346, 1347–48, *alloc. denied,* 517 Pa. 598, 535 A.2d 1057 (1987)(stating that officers with probable cause are entitled to results of medical purposes blood test pursuant to section 1547 regardless of whether search warrant for medical records was valid; "if the initial 'taking' was lawful, police were entitled to the disclosure of the blood alcohol test results without further showing or additional legal process.").

For constitutional purposes, we decline to make a distinction, as Appellant does, between a "legal purposes" blood test and a "medical purposes" blood test. Although we recognize that hospitals may use different medical "kits" to extract blood for legal purposes to, *inter alia,* preserve the blood in a chain of custody, we note that this distinction provides litigants with a basis for a possible evidentiary challenge, not a constitutional challenge.

We therefore hold that, under the statutory scheme developed through sections 1547 and 3755, once an officer establishes probable cause to believe that a person operated a motor vehicle under the influence, and subsequently requests

that hospital personnel withdraw blood samples for testing of alcohol content, the officer is entitled to obtain the results of such tests, regardless of whether the test was performed for medical purposes or legal purposes. We note that the Commonwealth has a "compelling interest in protecting its citizens from the dangers posed by drunk drivers." *Kohl,* 532 Pa. at 168, 615 A.2d at 316. Accordingly, the implied consent provision enables the police, upon probable cause, to obtain evidence of intoxication for use in criminal proceedings. We refuse to unnecessarily narrow this provision by mandating the performance of additional testing if adequate testing was already conducted for medical purposes and the officer is otherwise entitled to the results. *See Riedel,* 539 Pa. at 182, 651 A.2d at 140 (stating that the purpose of the implied consent scheme is not to hinder officers who have probable cause in performing their duties under sections 1547 and 3755).

Moreover, we underscore the importance of the limited purpose of the medical records search in this context. The scope of the intrusion is limited to obtaining the results of the blood test. As stated by our Supreme Court in *Riedel,* "[o]ur decision does not grant police officers carte blanche to invade the privacy of an individual's medical records." *Id.* at 183, 651 A.2d at 141.

Therefore, in the instant case, we find that since Officer Overby had probable cause to believe Appellant was driving under the influence of alcohol, and subsequently requested the withdrawal of blood for testing, she was entitled to obtain the results of the medical purposes blood test. As a result, the search of Appellant's medical records, which was limited in scope to the seizure of the blood test results, was proper and justified under sections 1547 and 3755 of the Motor Vehicle Code and, therefore, did not violate Appellant's rights under Art. I, § 8.

Judgment of sentence affirmed.