651 A.2d 135

COMMONWEALTH of Pennsylvania, Appellee,

v.

Donald Wayne RIEDEL, Appellant.

Supreme Court of Pennsylvania.

Submitted April 7, 1994.

Decided Dec. 1, 1994.

Samuel A. Gates, Hanover, for D.W. Riedel.

H. Stanley Rebert, Jonelle L. Harter, York, for Com.

Before NIX, C.J., and FLAHERTY, ZAPPALA,
PAPADAKOS, CAPPY, CASTILLE and MONTEMURO, JJ.

## OPINION

MONTEMURO, Justice.

Appellant, Donald Wayne Riedel, was convicted of Driving Under the Influence, 75 Pa.C.S. §§ 3731(a)(1) and (a)(4), with a blood alcohol content of 0.255 percent. His appeal to this Court involves the interpretation of the implied consent scheme of the Motor Vehicle Code, 75 Pa.C.S. §§ 1547 and 3755. The pertinent. facts follow.

On November 17, 1990, appellant and his girlfriend sustained injuries in a one-car accident in York County, Pennsylvania. When Pennsylvania State Trooper Brian Travis arrived at the scene, emergency medical technicians were already administering treatment in an ambulance. The officer entered the vehicle, and observed the medical team questioning appellant in order to determine his mental state. Appellant's answers were confused, his eyes were glassy, and one of the EMT technicians advised the trooper that appellant had alcohol on his breath. Additionally, Trooper Travis observed

a number of empty and full beer cans in the area, and that the full beer cans were cold.

Trooper Travis proceeded to the hospital where appellant was taken for further treatment, apparently intending to request that appellant's blood be drawn for chemical analysis. When the officer arrived at the hospital, he learned that blood had already been taken for medical reasons. Trooper Travis did not request that blood be drawn for chemical testing pursuant to 75 Pa.C.S. § 3755(a).

Subsequently, Trooper Travis wrote to the hospital requesting the results of appellant's blood test, which indicated a blood alcohol level of 0.255 percent. Based on this information, appellant was charged with driving under the influence, 75 Pa.C.S. §§ 3731(a)(1) and (a)(4), convicted in a non-jury trial, and sentenced to forty-eight hours to twelve months imprisonment and a $500 fine. The Superior Court affirmed the judgment of sentence, 425 Pa.Super. 649, 620 A.2d 541.

Appellant raises two arguments on appeal. First, appellant argues the police violated his Fourth Amendment rights against unreasonable searches and seizures when, in the absence of exigent circumstances, they obtained the results of his medical purposes blood test without a warrant. We emphasize that appellant raises this challenge only under the Constitution of the United States, and not that of Pennsylvania. Second, appellant asserts he was denied the right to refuse blood-alcohol testing under 75 Pa.C.S. § 1547, the Implied Consent Law. For the reasons that follow, we affirm the judgment of sentence.

The Fourth Amendment to the United States Constitution provides that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause." U.S. Const. amend. IV. The Fourth Amendment applies to the States by virtue of the Fourteenth Amendment of the federal Constitution. *New Jersey v. T.L.O.*, 469 U.S. 325, 334, 105 S.Ct. 733, 738–39, 83 L.Ed.2d 720 (1985).

■ In order to determine whether appellant's Fourth Amendment rights were implicated by the instant search and seizure, we must determine whether the alleged search was performed by the government or its agents. *Commonwealth v. Cieri,* 346 Pa.Super. 77, 84, 499 A.2d 317, 320–321 (1985). If such a search was performed, we then consider whether appellant had a reasonable expectation of privacy in his medical records. *In re June 1979 Allegheny Cty. Inv. Gr. Jury,* 490 Pa. 143, 150, 415 A.2d 73, 77 (1980); *Commonwealth v. Hipp,* 380 Pa.Super. 345, 354, 551 A.2d 1086, 1090 (1988). Finally, if appellant did have a reasonable expectation of privacy, we consider whether the search and seizure of appellant's medical records was reasonable. *Commonwealth v. Franz,* 430 Pa.Super. 394, 400, 634 A.2d 662, 664 (1993).

In order to determine whether a search was performed by the government or its agents,

> the critical factor "is whether [the private individual] in light of all the circumstances of the case, must be regarded as having acted as an 'instrument' or agent of the state...."
> To determine this, one must look to the purpose of the search, the party who initiated it, and whether the government acquiesced in it or ratified it.

*Cieri,* 346 Pa.Super. at 84, 499 A.2d at 321 (citations omitted).

■ In the instant case, appellant was subjected to two different searches, the latter of which involved government action. The first search of appellant occurred when the hospital took blood samples to facilitate medical treatment. However, because the hospital did not withdraw appellant's blood at the direction of Trooper Travis, this search did not implicate appellant's Fourth Amendment rights. *Compare Schmerber v. California,* 384 U.S. 757, 771–772, 86 S.Ct. 1826, 1836–1837, 16 L.Ed.2d 908 (1966) (withdrawal of blood constitutes a search). Rather, the hospital withdrew appellant's blood on its own initiative for its own specific purposes. *Commonwealth v. Franz,* 430 Pa.Super. 394, 398, 634 A.2d 662, 663 (1993); *Cieri,* at 85, 499 A.2d at 321.

178

■ The second search occurred when Trooper Travis obtained the results of appellant's blood test by mailing a request to the director of the hospital's laboratory. The hospital, in complying with the trooper's request, acted as an agent of the government: the purpose of the search was to obtain appellant's blood test results for use in his subsequent prosecution, police initiated the search, and the Commonwealth ratified the search by using the test results to convict appellant. *Cieri*, at 85, 499 A.2d at 321; *Franz*, 430 Pa.Super. at 399–400, 634 A.2d at 664. Consequently, the search implicated appellant's Fourth Amendment rights, and we must determine whether appellant had a reasonable expectation of privacy in his medical records.

■ The courts of this Commonwealth as well as the Third Circuit have always recognized "that an individual has a substantial privacy interest in his or her medical records." *McDonnell v. United States*, 4 F.3d 1227, 1253 (3d Cir.1993); *In re June 1979*, 490 Pa. at 151, 415 A.2d at 77–78; *Hipp*, 380 Pa.Super. 345, 354, 551 A.2d 1086, 1090; *but cf. People v. Perlos*, 436 Mich. 305, 325, 462 N.W.2d 310, 319 (1990) (no reasonable expectation of privacy in blood test results). However, this privacy right is not inviolate. *See In re June 1979*, 490 Pa. at 152, 415 A.2d at 78 (hospital medical records necessary for purpose of investigation obtainable pursuant to subpoena duces tecum); *Hipp*, 380 Pa.Super. at 355, 551 A.2d at 1091 (privacy not abridged when hospital personnel volunteered blood test results pursuant to 75 Pa.C.S. §§ 1547 and 3755). Rather, "the proper function of the Fourth Amendment ... 'is to constrain, not against all intrusions as such, but against intrusions which are not justified in the circumstances, or which are made in an improper manner.' " *Hipp*, at 354, 551 A.2d at 1090 (quoting *Schmerber*, 384 U.S. 757, 768, 86 S.Ct. 1826, 1834–1835). Thus, appellant does have a reasonable expectation of privacy in his medical records, subject only to *reasonable* searches and seizures.

■ Generally, "a search or seizure is not reasonable unless conducted pursuant to a valid search warrant upon a

showing of probable cause." *Franz*, 430 Pa.Super. 394, 400, 634 A.2d 662, 664; *Skinner v. Railway Labor Executives Association*, 489 U.S. 602, 619, 109 S.Ct. 1402, 1414, 103 L.Ed.2d 639 (1989); *Commonwealth v. Kohl*, 532 Pa. 152, 161, 615 A.2d 308, 313 (1992). However, exceptions to the warrant requirement do exist.[1] For example, actual consent, implied consent, search incident to lawful arrest, and exigent circumstances may negate the necessity of obtaining a warrant before conducting a search. *Schmerber*, 384 U.S. 757, 86 S.Ct. 1826 (search incident to lawful arrest and exigent circumstances); *Cieri*, 346 Pa.Super. 77, 499 A.2d 317 (implied consent); *Commonwealth v. Quarles*, 229 Pa.Super. 363, 324 A.2d 452 (1974) (plurality opinion) (actual consent).

In the instant case, neither the actual consent nor search incident to lawful arrest exceptions are applicable. The Commonwealth asserts that the implied consent provision of the Motor Vehicle Code, 75 Pa.C.S. § 1547(a), and its emergency room counterpart, 75 Pa.C.S. § 3755(a), justify the warrantless search of appellant's medical records to obtain his blood test results. *See Hipp*, 380 Pa.Super. 345, 355–356, 551 A.2d 1086, 1091 (search of blood test results justified under sections 1547 and 3755). On the other hand, appellant argues the search was not valid because of the absence of exigent circumstances. We agree with the Commonwealth, and hold that where an officer has probable cause to request a blood test pursuant to 75 Pa.C.S. § 3755(a), the failure to verbalize the request shall not bar the officer from obtaining the results of a medical purposes blood test without a warrant.

Section 3755 of the Motor Vehicle Code requires emergency room personnel to withdraw blood from a suspect when

the person who drove, operated or was in actual physical control of the movement of any involved motor vehicle requires medical treatment in an emergency room of a hospital and if probable cause exists to believe a violation of

1. Notwithstanding these exceptions, the search still "must be based on 'probable cause' to believe that the person to be searched has violated the law." *New Jersey v. T.L.O.*, 469 U.S. 325, 340, 105 S.Ct. 733, 742, 83 L.Ed.2d 720 (1985); *Commonwealth v. Danforth*, 395 Pa.Super. 1, 8–9, 576 A.2d 1013, 1017, *aff'd*, 532 Pa. 152, 615 A.2d 308 (1992).

section 3731 (relating to driving under the influence of alcohol or controlled substance) was involved....

75 Pa.C.S. § 3755(a). The statute directs the testing of the blood by an authorized laboratory, and the release of the results to the driver, his attorney, his doctor, or government officials upon their request. *Id.*

Similarly, section 1547, known as the Implied Consent Law, states:

> (a) General rule.—Any person who drives, operates or is in actual physical control of the movement of a motor vehicle in this Commonwealth shall be deemed to have given consent to one or more chemical tests of breath, blood or urine for the purpose of determining the alcoholic content of blood or the presence of a controlled substance if a police officer has reasonable grounds to believe the person to have been driving, operating or in actual physical control of the movement of a motor vehicle:
>
> > (1) while under the influence of alcohol or a controlled substance or both....

75 Pa.C.S. § 1547(a)(1). The "reasonable grounds" requirement has been interpreted to require probable cause. *Cieri,* 346 Pa.Super. 77, 87, 499 A.2d 317, 322. Together, these sections comprise a statutory scheme that implies the consent of a driver to undergo chemical blood testing under particular circumstances.[2]

Initially, we note that appellant uses the phrase "possible existence of probable cause" in his brief. Brief of Appellant at 1. However, appellant fails to raise or argue the issue of whether Trooper Travis had probable cause to request a blood test under either section 3755 or section 1547. Thus, we are bound by the lower courts' conclusion that the trooper did have probable cause, and that he could have requested the hospital to perform a section 3755 test upon appellant or to request appellant to consent to a test under section 1547(a).

---

**2.** Sections 3755 and 1547 were originally part of the same section, which was subsequently amended to the current scheme. Law of June 17, 1976, P.L. 162, No. 81, § 1, *amended by* Law of Dec. 15, 1982, P.L. 1268, No. 289, §§ 5 and 11.

Appellant does not dispute that if Trooper Travis had made such a request, he would have been entitled to the results without any further legal process. The fact that the trooper chose to wait, and obtain appellant's test results by mailing a request to the director of the hospital's laboratory, does not make this search any less reasonable. *Commonwealth v. Kelly,* 365 Pa.Super. 28, 32–33, 528 A.2d 1346, 1348 (1987), *alloc. den.,* 517 Pa. 598, 535 A.2d 1057 (1987).

In *Kelly,* the appellant-driver was transported to a hospital following an automobile accident. The hospital performed a blood test, which revealed a blood alcohol content of 0.24 percent. The test was not performed at the direction of the police or any other government agents. The following day, police obtained a search warrant and conducted a search of the appellant's hospital records, from which they obtained a copy of the chemical analysis performed on the appellant's blood, and later used to convict the appellant at trial.

The appellant challenged the admissibility of this evidence, claiming the warrant was defective as to probable cause and particularity. The Superior Court disagreed, and concluded that the police did have probable cause. The court also held that

[u]nder these circumstances the distinction implicitly drawn between the constitutional validity of the "taking" of appellant's blood at police request and the action of the police later obtaining the results of the blood alcohol test, is a false one. If the initial "taking" was [sic] lawful, police were entitled to the disclosure of the blood alcohol test results without a further showing or additional legal process.

*Id.,* 365 Pa.Super. at 33, 528 A.2d at 1348. In other words, because the police had probable cause to request the blood test, they were entitled to obtain the results without a search warrant, regardless of who actually withdrew the blood.

We agree with the *Kelly* analysis, and find that it comports with the purpose of the implied consent scheme. As we have previously noted, "the purpose underlying [implied consent] is to enable the police to obtain evidence of intoxication or drug

use to be utilized in criminal proceedings." *Kohl,* 532 Pa. 152, 164, 615 A.2d 308, 314 (discussing the constitutionality of section 1547(a)(2)). It is *not* to hinder law enforcement officers in performing their duties under sections 3755 and 1547 when they have probable cause.

Furthermore, we cannot discern any reason for requiring a police officer to obtain a search warrant in these circumstances. The litmus test under section 3755 is *probable cause* to request a blood test, not the request itself.[3] Moreover, the search of appellant's medical records involved only a minimal intrusion into his privacy. *Hipp,* 380 Pa.Super. 345, 551 A.2d 1086.

> The challenged search at issue herein was not the administration of a non-consensual blood test but, rather, involved the *results* of a previously administered blood test. Such a "search", namely, recounting to the officer and on the hospital record the test results [sic], is far less intrusive than the administration of a non-consensual blood test.

*Id.* at 358, 551 A.2d at 1092; *Schmerber,* 384 U.S. at 770–771, 86 S.Ct. at 1835–1836 (non-consensual blood test permissible if probable cause and exigent circumstances).

We recognize that in the absence of the implied consent scheme, the actions of Trooper Travis would constitute an unreasonable search and seizure. As appellant cogently argues in his brief, there was no danger that his blood alcohol content would evanesce because it was preserved by the medical purposes blood test. Thus, the exigent circumstances exception to the Fourth Amendment warrant requirement is not applicable. *Schmerber,* 384 U.S. at 772, 86 S.Ct. at 1836–37 (importance of collecting blood samples justifies waiving warrant requirement under exigent circumstances exception). However, contrary to appellant's insistence, the implied consent scheme adopted by our legislature is designed to do more than just preserve evanescent evidence. As stated above, the scheme is designed to facilitate prosecution of

---

**3.** Under section 1547 the request to consent to a blood test is significant when the driver is under arrest, because the arrestee has a right to refuse. *Commonwealth v. Eisenhart,* 531 Pa. 103, 611 A.2d 681 (1992).

chemically impaired drivers. *Kohl,* 532 Pa. 152, 164, 615 A.2d 308, 314.

Thus, we hold that where an officer has probable cause to request a blood test pursuant to 75 Pa.C.S. § 3755(a), the failure to verbalize the request shall not bar the officer from obtaining the results of a medical purposes blood test without a warrant. We stress that the scope of this search is limited to the test results. Our decision does not grant police officers carte blanche to invade the privacy of an individual's medical records. Furthermore, an individual may always challenge this limited purpose search on the ground that no probable cause existed.

In the instant case, Trooper Travis did have probable cause and his search was limited to the results of the medical purposes blood test. Therefore, the search was reasonable and did not violate appellant's Fourth Amendment rights. We now turn to the second issue raised by appellant, namely, whether appellant has a right to refuse blood-alcohol testing notwithstanding 75 Pa.C.S. § 1547, the Implied Consent Law.

The Implied Consent Law, 75 Pa.C.S. § 1547(a), assumes acquiescence to blood testing "absent an affirmative showing of the subject's refusal to consent to the test at the time that the testing is administered." *Commonwealth v. Eisenhart,* 531 Pa. 103, 109, 611 A.2d 681, 683 (1992). The statute also "grants an explicit right to a driver *who is under arrest* for driving under the influence to refuse to consent to chemical testing." *Id.* (emphasis added). Section 1547(b) states, in pertinent part:

(b) Suspension for refusal.—

(1) If any person placed under arrest for a violation of section 3731 (relating to driving under influence of alcohol or controlled substance) is requested to submit to chemical testing and refuses to do so, the testing shall not be conducted but upon notice by the police officer. . . .

75 Pa.C.S. § 1547(b)(1). "The relationship between the Implied Consent provision of section 1547(a) and the suspension for refusal under section 1547(b) is such that a driver may

184

revoke his Implied Consent under subsection (a) by refusing."
*Id.*

Notwithstanding section 1547, appellant contends he has an absolute right to refuse blood alcohol testing, and that his right was circumvented when Trooper Travis requested appellant's blood test results from the hospital. Appellant asserts any other interpretation would result in an impermissible distinction between drivers under arrest and those, like appellant, who are not requested to consent because they are unconscious or are receiving emergency medical treatment.[4] Furthermore, such an interpretation would encourage police to delay arresting the injured driver and wait for the hospital to perform the blood test. In support of his argument, appellant relies upon our recent decision of *Eisenhart*, 531 Pa. 103, 611 A.2d 681.

In *Eisenhart*, the appellant was found at the scene of a one car accident. The police officer's observation of the appellant and the scene led him to believe the appellant had been driving under the influence. After the appellant failed two field sobriety tests, the officer placed him under arrest. Initially, the appellant vacillated between consenting and refusing to submit to a blood test, but ultimately refused. The appellant's blood was withdrawn over his refusal. We held that because the appellant was under arrest, he had an explicit statutory right to refuse to consent to blood testing and suppressed the results of the test. *Id.* at 109, 611 A.2d at 683.

Appellant's reliance on *Eisenhart* is misplaced. Appellant was not under arrest at the time the blood test was administered and cannot claim the explicit statutory protection of section 1547(b). Moreover, we will not engraft an addition-

4. The issue of whether an unconscious driver or a driver whose blood is removed for medical purposes has a right to refuse consent was pending before us in *Commonwealth v. Danforth*, 395 Pa.Super. 1, 576 A.2d 1013, *alloc. granted*, 526 Pa. 647, 585 A.2d 467 (1990), and *Commonwealth v. Kohl*, 395 Pa.Super. 73, 576 A.2d 1049, *alloc. granted*, 526 Pa. 630, 584 A.2d 313 (1990), at the time this appeal was filed. These appeals were consolidated and disposed of in *Kohl*, 532 Pa. 152, 615 A.2d 308 (1992), but did not reach this issue. Rather, we declared 75 Pa.C.S. § 1547(a)(2) unconstitutional because it permitted nonconsensual blood testing in the absence of probable cause.

al provision onto the Implied Consent Law. The decision to distinguish between classes of drivers in the implied consent scheme is within the province of the legislature. *Goodman v. Kennedy*, 459 Pa. 313, 326–327, 329 A.2d 224, 228–229 (1974); *Commonwealth v. Hecker & Co.*, 409 Pa. 117, 125, 185 A.2d 549, 554 (1962). We will not reformulate the law to grant an unconscious driver or driver whose blood was removed for medical purposes the right to refuse to consent to blood testing. *Commonwealth ex rel. Fox v. Swing*, 409 Pa. 241, 246–247, 186 A.2d 24, 27 (1962).

In conclusion, we hold that the search of appellant's medical records and seizure of his blood test results was reasonable, and did not violate the Fourth Amendment to the United States Constitution. Furthermore, we hold that appellant does not have a right to refuse consent to blood testing under the implied consent scheme. The judgment of sentence against appellant is hereby affirmed.

ZAPPALA, J., files a concurring opinion in which FLAHERTY and CAPPY, JJ., have joined.

MONTEMURO, J., is sitting by designation.

ZAPPALA, Justice, concurring.

I agree with the majority that under the federal constitution, the evidence would not be suppressed. As the majority notes, the Appellant did not challenge the search and seizure under Article I, § 8 of the Pennsylvania Constitution. Lest this crucial point be overlooked because of the extensive discussion of state precedent, I write separately because I believe a different result would follow if the issue had been raised under our state constitution.

In *Commonwealth v. Kohl*, 532 Pa. 152, 165, 615 A.2d 308, 314 (1992), we stated

Article I, section 8 has an identity and vitality that is separate and distinct from that of the Fourth Amendment. The decisions of the U.S. Supreme Court are not dispositive of questions regarding the rights guaranteed to citizens of

the Commonwealth under the Pennsylvania Constitution. A state may provide through its constitution a basis for the rights and liberties of its citizens independent from that provided by the Federal Constitution.

See also, *Commonwealth v. Edmunds,* 526 Pa. 374, 586 A.2d 887 (1991).

The protection provided by Article I, § 8 extends to areas where an individual has a reasonable expectation of privacy. *Commonwealth v. DeJohn,* 486 Pa. 32, 403 A.2d 1283 (1979), cert. denied, 444 U.S. 1032, 100 S.Ct. 704, 62 L.Ed.2d 668 (1980). We recognize that the right to privacy extends to medical records of patients. *In Re June 1979 Allegheny County Investigating Grand Jury,* 490 Pa. 143, 415 A.2d 73 (1980). Since an individual has a reasonable expectation of privacy in his medical records, the protection provided by Article I, § 8 encompasses this privacy interest.

"Generally, a search or seizure is not reasonable unless it is conducted pursuant to a search warrant issued by a magistrate upon a showing of probable cause." *Kohl,* 532 Pa. at 166, 615 A.2d at 315. The implied consent provision of 75 Pa.C.S.A. § 1547(a)(1) dispenses with the need to obtain a warrant to conduct chemical tests to determine blood alcohol content when a police officer has reasonable grounds to believe a person has been operating a motor vehicle while under the influence of alcohol or controlled substances.[1] In instances where probable cause has been established, the absence of a warrant requirement under the implied consent provision does not render a test for blood alcohol content unreasonable under Article I, § 8. *Id.*

A police officer may request that emergency room personnel take blood samples for testing from a person who requires medical treatment when probable cause exists to believe that the person was operating a vehicle under the influence of alcohol. 75 Pa.C.S.A. § 3755(a). When such a request is made, the hospital personnel have an affirmative duty to

1. "Reasonable grounds" is not defined in the implied consent statute, but has been construed as the equivalent of probable cause. *Kohl,* supra, citing *Commonwealth v. Quarles,* 229 Pa.Super. 363, 324 A.2d 452 (1974) (plurality opinion).

obtain the blood samples and to transmit them for blood alcohol content testing. The test results are released upon request of the person tested, his attorney, his physician, or governmental officials or agencies. When a police officer fails to follow this procedure and fails to request that blood samples be drawn, the statute does not authorize the officer to obtain medical records of a person suspected of operating a motor vehicle under the influence of alcohol.

In the instant case, the police officer did not request that blood samples be taken from the Appellant for chemical testing pursuant to 75 Pa.C.S.A. § 3755(a).[2] Hospital personnel had taken blood for medical purposes. The hospital released blood test results after the police officer submitted a written request for the results.

The police officer did not follow the statutory procedure to obtain blood samples from the Appellant or to determine the blood alcohol content of the samples. Instead, the officer conducted a warrantless search and seizure of the Appellant's medical records. The implied consent provision of 75 Pa. C.S.A. § 1547(a)(1) does not eliminate the need to obtain a warrant to seize medical records, but only to request and conduct chemical tests. The reason for this is obvious. Due to the evanescent nature of the evidence of blood alcohol content, there is an immediate need to obtain samples of blood for testing. When blood samples have been drawn for medical purposes and the results of blood alcohol content tests are part of a patient's medical record, the evidence will not have dissipated during the time that application for a search warrant is being made. Thus, in this case, the warrantless search was unreasonable and violated Article I, § 8 of the Pennsylvania Constitution.

FLAHERTY and CAPPY, JJ., join this concurring opinion.

2. The trial judge's opinion states that "... the trooper proceeded to the hospital and demanded that a blood sample be drawn to determine whether the defendant was driving under the influence." (Slip opinion at 2.) The briefs of the Appellant and the Commonwealth indicate, however, that the trooper testified that he went to the hospital with the intention of requesting Appellant submit to a blood test, but did not do so when he learned that samples had been taken for medical purposes.