**Commonwealth v. Keller**

430

C.P. of Berks County, no. 5189/01.

*Adam Levin, assistant district attorney,* for plaintiff.

*David R. Eshelman,* for defendant.

SCHMEHL, J.L., *J.,* June 6, 2002—The defendant has been charged with two counts of driving under the influence of alcohol, 75 Pa.C.S. §3731(a)(1) and 75 Pa.C.S. §3731(a)(4)(i), driving on roadways laned for traffic (summary), 75 Pa.C.S. §3309(1), careless driving (summary), 75 Pa.C.S. §3714, restraint systems (summary), 75 Pa.C.S. §4581(a)(2), and driving vehicle at safe speed (summary), 75 Pa.C.S. §3361. The defendant was originally charged with the above offenses by way of a complaint dated February 6, 2001. A preliminary hearing was held on May 16, 2001, before District Justice Ronald C.

Mest and all of the misdemeanor charges were dismissed. The Commonwealth subsequently withdrew all of the summary charges.

The affiant filed a second identical complaint on May 30, 2001. The preliminary hearing was held on October 3, 2001 before District Justice Ronald C. Mest. This time, all of the charges were bound over to the court of common pleas. Following arraignment on October 29, 2001, the defendant filed an omnibus pretrial motion on November 26, 2001, requesting a motion to suppress, a motion to quash information, and a motion for a writ of habeas corpus.

A pretrial hearing was held before this court on December 18, 2001. On February 13, 2002, this court issued findings of fact and conclusions of law, granting defendant's motion to suppress, but only as to blood test results and granting defendant's motion for a writ of habeas corpus as to Count 2 of the information.

This appeal followed. Pursuant to Rule 1925(b) of the Pennsylvania Rules of Appellate Procedure, this court requested and received a concise statement of matters complained of on appeal. The Commonwealth alleges in its two claims for relief that the trial court erred in granting the defendant's motion to suppress evidence because the arresting officer was authorized to obtain the blood alcohol test results without a warrant pursuant to 75 Pa.C.S. §§1547 and 3533.[1] The Commonwealth also alleges that the trial court erred in granting the defendant's habeas corpus relief, since the Commonwealth presented

---

1. Section 3533 of the Vehicle Code does not exist. This court believes that the Commonwealth meant to reference section 3755.

a prima facie case with respect to all charges of the information.

This opinion is written pursuant to Rule 1925(a) of the Pennsylvania Rules of Appellate Procedure and for the following reasons this court requests that this instant appeal be denied.

## THE COURT DID NOT ERR IN GRANTING DEFENDANT'S PRETRIAL MOTION TO SUPPRESS EVIDENCE

The standard of review for a grant of a suppression motion is as follows:

"We begin by noting that where a motion to suppress has been filed, the burden is on the Commonwealth to establish by a preponderance of the evidence that the challenged evidence is admissible. Pa.R.C.P. 323(h). See *Commonwealth v. Iannaccio,* 505 Pa. 414, 480 A.2d 966 (1984), *cert. denied,* 474 U.S. 830, 106 S.Ct. 96, 88 L.Ed.2d 78 (1985). In reviewing the ruling of a suppression court, our task is to determine whether the factual findings are supported by the record. *Commonwealth v. Monarch,* 510 Pa. 138, 147, 507 A.2d 74, 78 (1986). If so, we are bound by those findings. *Commonwealth v. James,* 506 Pa. 526, 533, 486 A.2d 376, 379 (1985). Where, as here, it is the Commonwealth who is appealing the decision of the suppression court, we must consider only the evidence of the defendant's witnesses and so much of the evidence for the prosecution as read in the context of the record as a whole remains uncontradicted. *Commonwealth v. James,* 506 Pa. at 532-33, 486 A.2d at 379; *Commonwealth v. Hamlin,* 503 Pa. 210, 216, 469 A.2d 137, 139 (1983). *Commonwealth v. DeWitt,*

530 Pa. 299, 301-302, 608 A.2d 1030, 1031 (1992). (footnote omitted)" *Commonwealth. v. Pitts,* 740 A.2d 726, 729 (Pa. Super. 1999).

"If there is sufficient evidence of record to support the suppression court's ruling and that court has not misapplied the law, then we will not disturb the court's decision, particularly with respect to credibility determinations." *Commonwealth v. Korenkiewicz,* 743 A.2d 958 (Pa. Super. 1999) (citing *Commonwealth v. Queen,* 536 Pa. 315, 639 A.2d 443 (1994)).

The factual findings as stated in the suppression court's findings of fact are as follows:

"On January 31, 2001 at approximately 12:50 a.m., an accident came to the attention of Joseph Lowe. Mr. Lowe lives at 3900 Pricetown Road, Ruscambanor Township, Berks County, Pennsylvania. He immediately dialed 9-1-1 and the police came within 10-15 minutes.

"Trooper Nicholas Scianna of the Pennsylvania State Police was dispatched to the accident scene. Trooper Scianna arrived on the scene at approximately 1:03 a.m. He observed a vehicle with heavy front-end damage. Corporal Shell, also of the Pennsylvania State Police, was already on the scene.

"Trooper Scianna spoke to the operator of the vehicle who told him that a deer had jumped in front of the car as he was returning from a friend's house. The driver of this vehicle was identified as the defendant, Robert Keller. The defendant's car was off the road in a grass embankment in contact with a tree. The road was wet that evening. While speaking to the defendant, the trooper detected an odor of an alcoholic beverage emanating from his breath, as well as glassy, bloodshot eyes. He also

observed that the driver was bleeding profusely from his face. The trooper informed the defendant that he was going to be arrested for driving under the influence of alcohol.

"The defendant was then put into an ambulance. The ambulance began to drive away. The trooper stopped the ambulance, went inside the back of the ambulance, and began reading the defendant *O'Connell* warnings. Trooper Scianna was unable to remember what defendant's response was to these warnings.

"The ambulance transported the defendant to Lehigh Valley Hospital. Corporal Shell then called the state police headquarters and told them that he wanted to get blood-alcohol test results from the defendant. Trooper DeBellis of the Pennsylvania State Police received a teletype to have the defendant's blood drawn at Lehigh Valley Hospital. Trooper DeBellis proceeded to Lehigh Valley Hospital and filled out a toxicology request form. See Commonwealth exhibit 1. Subsequently, Lehigh Valley Hospital mailed a report of the blood test results to the state police. This report indicated a BAC of 0.28 percent. No search warrant or court order was obtained to require the release of the medical records and no probable cause to justify the production of records was established before an independent judicial officer."[2]

Section 3755(a) of the Vehicle Code provides as follows:

"(a) General rule.—If, as a result of a motor vehicle accident, the person who drove, operated or was in actual physical control of the movement of any involved

---

2. See the court's findings of fact and conclusions of law in disposition of the defendant's omnibus pretrial motion.

motor vehicle requires medical treatment in an emergency room of a hospital and if probable cause exists to believe a violation of section 3731 (relating to driving under influence of alcohol or controlled substance) was involved, the emergency room physician or his designee shall promptly take blood samples from those persons and transmit them within 24 hours for testing to the Department of Health or a clinical laboratory licensed and approved by the Department of Health and specifically designated for this purpose. This section shall be applicable to all injured occupants who were capable of motor vehicle operation if the operator or person in actual physical control of the movement of the motor vehicle cannot be determined. Test results shall be released upon request of the person tested, his attorney, his physician or governmental officials or agencies." 75 Pa.C.S. §3755.

At the suppression hearing, the defendant referenced *Commonwealth v. Shaw,* 564 Pa. 617, 770 A.2d 295 (2001). In *Shaw,* the Supreme Court held that a violation of Article 1, Section 8 of the Pennsylvania Constitution occurs when the results of a BAC test taken for independent medical purposes and not pursuant to section 3755(a) and without a warrant, are released to the police. *Id.* at 624, 770 A.2d at 299.

The Commonwealth argued that *Shaw* is factually distinguishable from the instant case because the officer in *Shaw* initially telephoned the hospital for the BAC results. *Shaw* at 620, 770 A.2d at 297. In this phone conversation, the officer learned the results were above 0.10 percent, so the officer subsequently obtained formal written results through a subpoena. *Id.* No subpoena was issued in the instant case nor did the state police telephone the hospital to learn the results.

The Commonwealth also argues that the results should not be suppressed because Trooper Scianna, Corporal Shell, and Trooper DeBellis did not know that the hospital had already drawn blood for independent medical purposes. It is not relevant whether the state police knew, should have known, or should have asked hospital officials if the defendant's blood had been previously drawn for independent medical purposes. These questions are not central to the holding in *Shaw*. Instead, the fundamental question is: (1) Did the state police follow the procedures set forth under section 3755? Next, (2) If the form was properly submitted to hospital personnel, was it necessary for the state police to apply for a search warrant?

Trooper Scianna, Corporal Shell, and Trooper DeBellis acted pursuant to section 3755. Trooper Scianna knew the defendant had been the driver of a vehicle involved in a one-car accident. While speaking to the defendant, he detected bloodshot, glassy eyes and an odor of an alcoholic beverage emanating from his person. Clearly, this information gave the trooper probable cause to believe that the defendant had been driving under the influence of alcohol to a degree that rendered him incapable of safe driving. See *Commonwealth v. Simon,* 440 Pa. Super. 428, 655 A.2d 1024 (1995) (The Superior Court has repeatedly upheld probable cause to conduct a blood alcohol test under subsection (a)(1) of the implied consent statute where the defendant "has looked and smelled like he has consumed alcohol and a serious one-car or head-on accident has occurred." *Commonwealth v. Smith,* 382 Pa. Super. 288, 297, 555 A.2d 185, 189 (1989), *allocatur denied,* 524 Pa. 607, 569 A.2d 1366 (1989)). Therefore,

by filling out Lehigh Valley toxicology form, Trooper DeBellis followed the procedures set forth under 3755.

Next, we must consider whether case law mandates that the police obtain a search warrant after lawfully requesting that blood be drawn and tested.

Quoting the concurrence in *Commonwealth v. Riedel,* 539 Pa. 172, 187, 651 A.2d 135, 141 (1994), the majority in *Shaw* stated:

"The implied consent provision of 75 Pa.C.S. §1547(a)(1) *does not eliminate the need to obtain a warrant to seize medical records, but only to request and conduct chemical tests.* The reason for this is obvious. Due to the evanescent nature of the evidence of blood alcohol content, there is an immediate need to obtain samples of blood for testing. When blood samples have been drawn for medical purposes and the results of blood alcohol content tests are part of a patient's medical record, the evidence will not have dissipated during the time that application for a search warrant is being made." *Shaw* at 624, 770 A.2d at 299. (emphasis added)

By citing this passage and analogizing 75 Pa.C.S. §1547(a)(1) to 75 Pa.C.S. §3755, the majority in *Shaw* believed that a warrant is required prior to the police obtaining the results of a BAC test where the suspect is unable to respond to the standard *O'Connell* warnings. Indeed, Justice Castille opens his dissenting opinion by stating that, "[t]he majority would hold that Article I, Section 8 of the Pennsylvania Constitution commands . . . that the results of a medical purposes blood alcohol content test performed by a hospital on a Pennsylvania driver . . . cannot simply be requested by police unless or until they first secure a search warrant." *Shaw* at 625, 770 A.2d at 301.

There is no evidence that defendant consented to the blood alcohol test result being released because Trooper Scianna could not remember and did not testify to what the defendant's response was to the *O'Connell* warnings. Additionally, the trooper did not witness the blood drawn after they requested the testing.

Under these circumstances, this court felt constrained to follow *Shaw, supra.* The Commonwealth seems to be arguing that the implied consent provisions of the Vehicle Code gives the Commonwealth an unlimited right to receive blood test results. Unfortunately, this is not the state of the law in Pennsylvania. When seizing medical records, according to *Shaw,* a warrant is necessary. Accordingly, this court did not err in suppressing the blood test results and the instant appeal should be denied.