## Commonwealth v. Halfhill

C.P. of Lawrence County, no. 742 of 2001.

*Robert A. Barletta,* for Commonwealth.
*Joseph J. Kearney,* for defendant.

MOTTO, *J.,* September 23, 2002—Before the court for disposition is defendant's omnibus pretrial motion consisting of a motion to suppress and motion for writ of habeas corpus.

The precise issue raised by the defendant is whether, in a DUI investigation, may the police utilize a search warrant to obtain the blood test and urine screen test results contained in the medical record of treatment ren-

dered to defendant following a motor vehicle accident, where the tests were administered for independent medical purposes and not pursuant to any procedure authorized by the Motor Vehicle Code for testing at the request of the police or emergency room personnel.

Late in the afternoon of April 14, 2001, defendant, Donald F. Halfhill, lost control of his motorcycle while exiting State Route 422 onto State Route 60 in Union Township, Lawrence County. Skidding onto the grass medial, defendant suffered substantial injury when thrown from his motorcycle. Soon thereafter, State Trooper Clyde Jones arrived on the scene.

As immediately as circumstances would allow, defendant was life-flighted to Allegheny General Hospital in Pittsburgh, Pennsylvania. Due to the exigent demands of defendant's injuries, Trooper Jones did not conduct field sobriety tests at the scene of the accident. The trooper did detect a strong smell of alcohol about defendant's person.

The treatment rendered to the defendant at the hospital included administering tests for independent medical purposes. These tests included a blood serum test and a urine screen. One month and one day later, on May 15, 2001, Trooper Jones applied for a search warrant to obtain the defendant's medical records. The search warrant was granted and the test results were received as a part of the medical records. The results of the tests indicated defendant had a blood serum of .185 and that the urine screen was positive for opiates, barbiturates and benzodiazepines.

In the course of the police investigation, it was discovered that defendant's motor vehicle operating license

had been suspended previous to, and as of, the April 14, 2001 accident. Defendant was charged with four counts of driving under the influence (75 Pa.C.S. §3731(a-4)), driving at unsafe speed (75 Pa.C.S. §3361), driving while operating privileges were suspended (75 Pa.C.S. §1543(a)) and driving without registration and certification of title (75 Pa.C.S. §1301(a)).

The defendant's motion to suppress seeks to suppress from evidence the medical records, including results of the blood test and urine screen. The request for a writ of habeas corpus seeks to dismiss the DUI charges for lack of evidence; the purported lack of evidence assumes the blood and urine test results are suppressed. No charges against defendant other than the driving under the influence charges are addressed in the omnibus pretrial motion. Accordingly, the issue of sufficiency of the evidence relating to the summary offenses charged are reserved for trial.

In his attempt to have the defendant's medical records suppressed, defendant relies heavily on *Commonwealth v. Shaw,* 564 Pa. 617, 770 A.2d 295 (2001). That case presented the issue of whether the authorities could obtain the results of a blood test taken by a hospital for independent medical purposes when the authorities sought access to the results upon the strength of a mere subpoena without the benefit of a search warrant. Although the trooper had *Mirandized* defendant and advised him of the implied consent law, the blood sample in question was taken for independent medical purposes, and not at the request of the trooper, and not pursuant to 75 Pa.C.S. §3755 authorizing emergency room personnel to take blood samples if probable cause exists to be-

lieve a violation of section 3731 of the Vehicle Code was involved. In *Shaw,* the evidence was suppressed because a subpoena was not deemed to be sufficient. In finding the evidence suppressible, the court reasoned that Article I, Section 8 of the Pennsylvania Constitution provides protection to areas where an individual has a reasonable expectation of privacy and that reasonable expectation of privacy would extend to blood taken for medical treatment. *Id.* That rationale led the court to hold that blood alcohol content tests results "must be suppressed where the blood was drawn for independent medical purposes and the results were released to the police without a warrant or exigent circumstances." *Commonwealth v. Denmark,* 800 A.2d 947 (Pa. Super. 2002) (summarizing the holding in *Shaw*). The deficiency arises because a subpoena used as an investigatory tool *without judicial review* constitutes a warrantless search of defendant's medical records barred by expectations of privacy provided by Article I, Section 8 of the Pennsylvania Constitution. *Commonwealth v. Geary,* 53 D.&C.4th 367 (Fayette Cty. 2001).

Although an individual has a substantial privacy interest in his medical records, like all other personal interests, that interest must be balanced against society's interests. *Commonwealth v. Riedel,* 539 Pa. 172, 651 A.2d 135 (1994). The balancing mechanism is reasonableness. Unlike warrantless searches, searches performed under a warrant provide judicial review. It is in the forum of judicial review where the interest of the individual is put in the scales opposite society's interests. The balancing test is reasonableness and its measure is probable cause. *Commonwealth v. Riedel,* 539 Pa. 172, 651 A.2d 135 (1994).

While *Shaw* and *Geary* suppressed blood alcohol content test results, those results were not obtained by virtue of a search warrant. *Shaw* and *Geary, supra.* Both of those decisions made provisions for a different result where test results were retrieved with the benefit of a warrant. In *Geary,* the court stated that the test results could not be "released in the absence of a search warrant or other court order issued upon a finding of probable cause by an independent judicial officer." *Geary, supra* at 376. In *Shaw,* the results were not available to the authorities because the authorities did not request the test and were not sought under a warrant:

"The implied consent provision of 75 Pa.C.S. §1547(a)(1) [a statute implying consent of drivers to alcohol tests done at the behest of police officers on reasonable grounds] does not eliminate the need to obtain a warrant to seize medical records, but only to request and conduct chemical tests. The reason for this is obvious. Due to the evanescent nature of the evidence of blood alcohol content, there is an immediate need to obtain samples of blood for testing. When blood samples have been drawn for medical purposes and the results of blood alcohol content tests are part of a patient's medical records, the evidence will not have dissipated during the time that application for a *search warrant* is being made." *Shaw, supra* at 299 (emphasis added), quoting the concurring opinion in *Commonwealth v. Riedel,* 539 Pa. 172, 651 A.2d 135 (1994).

As the rationale supporting balancing the expectation of privacy of these test results against legitimate societal interest through the judicial reviewing mechanism of a

search warrant seems reasonable to this court and as precedent makes way for admission of these results obtained under a search warrant, this court will deny the motion to suppress. With that evidence available, the writ of habeas corpus seeking to dismiss the charges for lack of evidence must also be denied.

## ORDER

And now, September 23, 2002, for the reason set forth in the accompanying opinion of even date wherewith, it is ordered, adjudged and decreed that defendant's omnibus pretrial motion in the nature of a motion to suppress and motion for writ of habeas corpus is denied.