[J-43-2024] [MO:Wecht, J.]

# IN THE SUPREME COURT OF PENNSYLVANIA
## MIDDLE DISTRICT

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 16 MAP 2023 |
| | : | |
| Appellant | : | Appeal from the Order of the |
| | : | Cumberland County Court of |
| | : | Common Pleas, Criminal Division, |
| v. | : | at No. CP-21-CR-3121-2021 |
| | : | dated January 20, 2023 |
| | : | |
| LARRY WARDELL HUNTE, | : | ARGUED:  May 15, 2024 |
| | : | |
| Appellee | : | |

## CONCURRING AND DISSENTING OPINION

**JUSTICE BROBSON**                                    **DECIDED:  June 17, 2025**

The Commonwealth of Pennsylvania (Commonwealth), by the Office of the Cumberland County District Attorney, lodged this direct appeal[1] from the January 20, 2023 order of the Court of Common Pleas of Cumberland County (trial court). In that order, the trial court, *inter alia*, granted the motion to suppress blood test results filed by Appellee Larry W. Hunte (Hunte), against whom the Commonwealth had filed criminal charges stemming from a fatal automobile crash in Cumberland County. Consequently, the trial court granted, in part, Hunte's motion to dismiss, thereby dismissing the criminal charges related to the suppressed results.[2]

---

[1] *See* 42 Pa. C.S. § 722(7) (authorizing direct appeal to this Court from decision by court of common pleas holding statute unconstitutional).

[2] Although the trial court did not dismiss all of the charges against Hunte, the Commonwealth pursued this interlocutory appeal as of right, invoking Rule 311(d) of the Pennsylvania Rules of Appellate Procedure, which provides:  "In a criminal case, under the circumstances provided by law, the Commonwealth may take an appeal as of right (continued…)

The principal rationale for the trial court's decision to grant the suppression motion and dismiss the related charges was its conclusion that Section 3755 of the Vehicle Code, 75 Pa. C.S. § 3755, is facially unconstitutional, as, according to the trial court, the statute expressly authorizes warrantless searches and seizures of a person's blood without a warrant in violation of both the Fourth Amendment to the United States Constitution and Article I, Section 8 of the Pennsylvania Constitution.[3] (Trial Ct. Op. at 5.) This conclusion was determinative of the outcome, in the trial court's view, because the Commonwealth advanced Section 3755 as its sole authority to conduct the warrantless blood draw, offering no other justification for its decision to proceed without a search warrant. (*Id.* at 4.) Alternatively, the trial court held that, if it erred in reaching the constitutional question, "the seizure would be no less unconstitutional in the absence of its purported statutory justification, such that the same result would be required." (*Id.* at 6 n.12.)

I have no qualm with the trial court's alternative reasoning—*i.e.,* that the warrantless seizure of Hunte's blood by a phlebotomist at Penn State Health Holy Spirit Medical Center (Holy Spirit) at the direction of law enforcement was unconstitutional

from an order that does not end the entire case where the Commonwealth certifies in the notice of appeal that the order will terminate or substantially handicap the prosecution."

[3] The Fourth Amendment provides:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

Article I, Section 8 of the Pennsylvania Constitution provides:

> The people shall be secure in their persons, houses, papers and possessions from unreasonable searches and seizures, and no warrant to search any place or to seize any person or things shall issue without describing them as nearly as may be, nor without probable cause, supported by oath or affirmation subscribed to by the affiant.

under both the United States and Pennsylvania Constitutions. Under either organic legal document, a seizure conducted without a warrant "is presumptively unreasonable . . . subject to a few specifically established, well-delineated exceptions."[4] *Commonwealth v. McCree*, 924 A.2d 621, 627 (Pa. 2007) (Opinion Announcing Judgment of Court). Upon the filing of a motion to suppress evidence, the Commonwealth bears both the burden of production, by a preponderance of the evidence, and persuasion that the evidence in question was not unlawfully seized by law enforcement. *See* Pa.R.Crim.P. 581(H); *Commonwealth v. Price*, 284 A.3d 165, 168 (Pa. 2022).

Hunte moved pretrial to suppress the blood test results, focusing his attack on the warrantless blood draw. In his motion, Hunte specifically alleged: "[Law enforcement's] request to have [Hunte's] blood drawn was without a warrant and there is no indication that an attempt to obtain a warrant ever occurred. Further, there is no indication that an attempt to secure a warrant would have been unsuccessful." (Reproduced Record (R.R.) at 36.) Hunte claimed that the seizure of his blood under these circumstances violated his rights under both the United States and Pennsylvania Constitutions. (*Id.*) In its prehearing responsive brief, the Commonwealth conceded the warrantless nature of the blood draw. (*See id.* at 77-85.) Notwithstanding its burden of production and persuasion, the Commonwealth did not contend that the warrantless seizure of Hunte's blood fell within any exception to the warrant requirement. Accordingly, on this record, the Commonwealth failed to establish by a preponderance of the evidence that the blood in question was lawfully—*i.e.*, constitutionally—seized from Hunte's unconscious body. I, therefore, would affirm the trial court's order suppressing the results of the blood test on this basis.

---

[4] These exceptions include, *inter alia*, consent and exigent circumstances. *See Commonwealth v. Jones-Williams*, 279 A.3d 508, 515 (Pa. 2022).

Whether Section 3755 of the Vehicle Code[5] is unconstitutional requires a separate inquiry. As the Majority appropriately explains, legislative enactments, such as Section 3755, "are presumed to be constitutional, and this presumption can be rebutted only if the statute clearly, plainly and palpably" violates the Constitution. *S. Newton Twp. Electors v. S. Newton Twp. Supervisor*, 838 A.2d 643, 645 (Pa. 2003). Indeed, a statute "is facially unconstitutional only where no set of circumstances exist[s] under which [it] would be valid." *Barris v. Stroud Twp.*, 310 A.3d 175, 203 (Pa. 2024) (quoting *Clifton v. Allegheny Cnty.*, 969 A.2d 1197, 1222 (Pa. 2009)).

---

[5] Section 3755 of the Vehicle Code provides:

(a) General rule.--If, as a result of a motor vehicle accident, the person who drove, operated or was in actual physical control of the movement of any involved motor vehicle requires medical treatment in an emergency room of a hospital and if probable cause exists to believe a violation of section 3802 (relating to driving under influence of alcohol or controlled substance) was involved, the emergency room physician or his designee shall promptly take blood samples from those persons and transmit them within 24 hours for testing to the Department of Health or a clinical laboratory licensed and approved by the Department of Health and specifically designated for this purpose. This section shall be applicable to all injured occupants who were capable of motor vehicle operation if the operator or person in actual physical control of the movement of the motor vehicle cannot be determined. Test results shall be released upon request of the person tested, his attorney, his physician or governmental officials or agencies.

(b) Immunity from civil or criminal liability.--No physician, nurse or technician or hospital employing such physician, nurse or technician and no other employer of such physician, nurse or technician shall be civilly or criminally liable for withdrawing blood or obtaining a urine sample and reporting test results to the police pursuant to this section or for performing any other duty imposed by this section. No physician, nurse or technician or hospital employing such physician, nurse or technician may administratively refuse to perform such tests and provide the results to the police officer except as may be reasonably expected from unusual circumstances that pertain at the time of admission.

75 Pa. C.S. § 3755.

The Majority's conclusion that Section 3755 of the Vehicle Code is facially unconstitutional under the Fourth Amendment to the United States Constitution and Article I, Section 8 of the Pennsylvania Constitution is premised entirely on its belief that the statute *itself* authorizes a warrantless seizure of blood samples from a person's body. It is on this basic premise that the Majority and I disagree. In my opinion, the statute, which this Court has previously referred to as the "emergency room counterpart" to Section 1547 of the Vehicle Code, 75 Pa. C.S. § 1547,[6] is addressed not to law enforcement but, rather, to medical professionals. In other words, the statute requires "the emergency room physician or his designee" to comply with law enforcement's directives to "promptly take blood samples" from "the person who drove, operated or was in actual physical control of the movement" of the motor vehicle involved in the subject motor vehicle accident and provides any "physician, nurse or technician" who complies with law enforcement's directives with immunity from civil and criminal liability for "withdrawing [that] blood." *See* 75 Pa. C.S. § 3755.

While I admit that the way in which law enforcement and the Commonwealth sought to apply Section 3755 of the Vehicle Code in this case—*i.e.*, as an independent exception to the warrant requirement—is constitutionally problematic,[7] in my view,

---

[6] *Commonwealth v. Riedel*, 651 A.2d 135, 139 (Pa. 1994). Sections 3755 and 1547 of the Vehicle Code were originally part of the same statutory provision and "comprise[d] a statutory scheme that implie[d] the consent of a driver to undergo chemical blood testing." *Id.* at 139-40, 140 n.2.

[7] After a failed attempt to secure consent for blood alcohol testing from an unconscious Hunte, law enforcement requested that emergency room personnel draw Hunte's blood to further law enforcement's criminal investigation of the fatal crash. There is no dispute that law enforcement had probable cause to believe that Hunte had operated the motor vehicle involved in the fatal crash while under the influence of alcohol, controlled substances, or both. Although law enforcement filled out a hospital form titled "Certification of Request for Blood or Urine Alcohol Testing," law enforcement did not secure a warrant for the blood draw. A trooper, however, "later testified to his understanding that this form was predicated upon Section 3755" of the Vehicle Code. (continued…)

circumstances exist whereby the statute can be applied in a constitutional manner. Stated another way, nothing within the plain text of Section 3755 forecloses a situation where either law enforcement obtains a warrant before directing emergency room personnel to withdraw a person's blood or the Commonwealth later establishes by a preponderance of the evidence that the warrantless seizure of a person's blood fell within an exception to the warrant requirement—*e.g.*, consent or exigent circumstances. Section 3755(a) can be validly applied simply to require emergency room personnel to comply with law enforcement's directive to draw a person's blood. Section 3755(b) then provides protection to those cooperating emergency room personnel, who arguably performed a medical procedure that was not medically necessary, from civil or criminal liability, regardless of whether the seizure later passes constitutional muster.[8] Indeed, in

---

(Majority Op. at 7.) As noted above, a phlebotomist at Holy Spirit complied with the request of law enforcement and withdrew blood from Hunte's unconscious body. The Commonwealth then secured separate search warrants—one to seize the blood samples from Holy Spirit and the other to have those samples tested for alcohol and controlled substances. That blood was then tested and revealed the presence of alcohol and controlled substances.

As the Majority points out, these facts appear to demonstrate that "[t]he blood draw at issue in this case was conducted under [what law enforcement believed to be] the authority of Section 3755" of the Vehicle Code. (*Id.* at 43.) In other words, law enforcement appears to have believed, albeit, in my mind, erroneously, that Section 3755 established an independent exception to the warrant requirement.

[8] The Majority relies heavily on *City of Los Angeles v. Patel*, 576 U.S. 409 (2015) (*Patel*), in support of its position that Section 3755 of the Vehicle Code is facially unconstitutional under the Fourth Amendment to the United States Constitution and Article I, Section 8 of the Pennsylvania Constitution. The Majority criticizes my position as inconsistent with *Patel* because the "purported 'constitutional applications'" of Section 3755 that I offer "are exactly the sort of hypotheticals that are, as the U.S. Supreme Court said in *Patel*, 'irrelevant to our analysis because they do not involve actual applications of the statute.'" (Majority Op. at 50 (quoting *Patel*, 576 U.S. at 419).) I reiterate, however, that I believe Section 3755 can be applied in a constitutional manner—*i.e.*, to require emergency room personnel to comply with law enforcement's directive to draw a person's blood and to protect those cooperating emergency room personnel from civil or criminal liability. Here, unlike in *Patel*, where the statute at issue required the subject of the search to comply (continued…)

the absence of Section 3755, it is unclear how law enforcement, even with a warrant, could compel emergency room personnel to comply with a directive to draw a person's blood.

For these reasons, while I would affirm the trial court's order suppressing the results of the blood test based on the record before this Court because, as explained above, the Commonwealth failed to demonstrate by a preponderance of the evidence that Hunte's blood was constitutionally seized from his person, I would further conclude that Section 3755 of the Vehicle Code does not clearly, plainly, and palpably violate either the Fourth Amendment to the United States Constitution or Article I, Section 8 of the Pennsylvania Constitution and is, therefore, not facially unconstitutional.

Justice Mundy joins this concurring and dissenting opinion.

---

with law enforcement's directive, "the group for whom for the law is a restriction" is emergency room personnel, not the person from whom the emergency room personnel draw the blood. *Patel*, 576 U.S. at 418 (quoting *Planned Parenthood of Se. Pa. v. Casey*, 505 U.S. 833, 894 (1992)).